

**FILED**

JUN 2 6 2012

COLE COUNTY
CIRCUIT COURT

IN THE
CIRCUIT COURT OF COLE COUNTY
*Nineteenth Judicial Circuit*
STATE OF MISSOURI

DAVID ZINK, )
)
MICHAEL WORTHINGTON, )
)
JOHN E. WINFIELD, )
)
MICHAEL A. TAYLOR, )
)
LEON TAYLOR, )
)
WALTER T. STOREY, )
)
HERBERT SMULLS, )
)
WILLIAM ROUSAN, )
)
EARL (MAHIR JAWAD) RINGO, )
)
RODERICK NUNLEY, )
)
ALLEN L. NICKLASSON, )
)
JOHN C. MIDDLETON, )
)
PAUL T. GOODWIN, )
)
JOSEPH PAUL FRANKLIN, )
)
JEFFREY R. FERGUSON, )
)
ANDRE COLE, )
)
REGINALD CLEMONS, )
)
CECIL CLAYTON, )
)
MARK A. CHRISTESON, )
)
RUSSELL E. BUCKLEW, and )

DAVID M. BARNETT,                          )
                                           )
            *Plaintiffs.*                  )
                                           )
                                           )
      v.                                   )
                                           )
GEORGE A. LOMBARDI,                        )
      Director, Missouri                   )
      Department of Corrections,           )
      in his official capacity as such;)
                                           )
      Serve at:  2729 Plaza Drive          )
      Jefferson City, Missouri 65102)
      Phone  (573) 751-2389                )
                                           )
DAVID R. DORMIRE,                          )
      Director, Division of Adult          )
      Institutions, Missouri              )
      Department of Corrections,           )
      in his official capacity as such;)
                                           )
      Serve at:  2729 Plaza Drive          )
      Jefferson City, Missouri 65102)
      Phone:  (573) 751-2389               )
                                           )
TERRY RUSSELL,                             )
      Warden, Eastern Reception            )
      Diagnostic & Correctional            )
      Center, in his official              )
      capacity as such;                    )
                                           )
      Serve at:  2727 Highway K            )
      Bonne Terre, Missouri 63628 )
      Phone:  (573) 358-5516               )
                                           )
JOHN DOES 2-40,                            )
      Anonymous Executioners,              )
      in their official capacities         )
      as such,                             )
                                           )
            *Defendants.*                  )

- 2 -

## PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

For their causes of action, the plaintiffs, by and through counsel, state and allege all as follows.

### Nature of the Action

1.　As of the filing of this action, Missouri is the only state in the country to turn to propofol as a means of carrying out lethal injections—or to the intentional injection, into a conscious person, of any lethal agent known to cause pain.

2.　This is an action seeking a declaration that the defendants' use of the execution protocol defendant Lombardi issued on May 15, 2012, violates the Ex Post Facto Clauses of Mo. Const. art. I, § 13, and U.S. Const. art. I, § 10; the Supremacy Clause, U.S. Const. art. VI, cl. 2; the Eighth and Fourteenth Amendments to the United States Constitution; Mo. Const. art. I, § 21; and the separation of powers guaranty of Mo. Const. art. II, § 1, and therefore, as well, a permanent injunction against its application.

3.　This Court has the authority to issue declaratory judgments and injunctions against state actors when, as here, the plaintiffs show that the state actors' enforcement of a state-law provision (whether in the form of statutes or analogous to the protocol) is in conflict with the United States Constitution or the Missouri Constitution.

4. The protocol violates both Constitutions by creating an unprecedented, substantial likelihood of foreseeable infliction of excruciating pain in the course of executing the plaintiffs, and by prescribing lidocaine without a license to practice medicine and otherwise to distribute this substance, in conflict with the Food, Drug & Cosmetic Act, thereby violating the Supremacy Clause, and by inflicting on them an increased punishment in violation of the Ex Post Facto Clauses of Mo. Const. art. I, § 13, and U.S. Const. art. I, § 10, and because its issuance stems from a statute that violates the separation-of-powers guaranty of Mo. Const. art. II, § 1.

5. Plaintiffs are not herein alleging that the defendants could never conduct an execution, nor that they could never do so by lethal injection.[1]

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to Mo. Const. art. V, § 14, and has the power to grant the declaratory and injunctive relief sought pursuant to Mo. Rev. Stat. §§ 527.010, 536.050, and Mo. S. Ct. R. 87.02(c) and 92.02 as well as 42 U.S.C. § 1983.

7. Plaintiffs have standing to bring this declaratory judgment action under Mo. Rev. Stat. §§ 527.010 and 536.053.

---

[1]There are other pending and impending actions (judicial and administrative) seeking relief from the outstanding death sentences of some of the plaintiffs, but they are collateral to this action.

- 4 -

8. Venue is proper in this Court under Mo. Rev. Stat. §§ 508.010 and 536.050.1.

## Parties

9. Plaintiff **David Zink** is a citizen of the United States and a resident of the State of Missouri.[2]

10. Plaintiff Zink is a person within the jurisdiction of the State of Missouri.

11. Plaintiff Zink was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Clair County on July 27, 2004.

12. Counsel for the State of Missouri have sought an execution date against plaintiff Zink.

13. Plaintiff **Michael Worthington** is a citizen of the United States and a resident of the State of Missouri.

14. Plaintiff Worthington is a person within the jurisdiction of the State of Missouri.

15. Plaintiff Worthington was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Charles County on November 4, 1998.

16. Counsel for the State of Missouri have sought an execution date against plaintiff Worthington.

---

[2]Plaintiffs are listed in reverse alphabetical order.

- 5 -

17. Plaintiff **John Winfield** is a citizen of the United States and a resident of the State of Missouri.

18. Plaintiff Winfield is a person within the jurisdiction of the State of Missouri.

19. Plaintiff Winfield was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on September 18, 1998.

20. Counsel for the State of Missouri have sought an execution date against plaintiff Winfield.

21. Plaintiff **Michael Anthony Taylor** is a citizen of the United States and a resident of the State of Missouri.

22. Plaintiff M.A. Taylor is a person within the jurisdiction of the State of Missouri.

23. Plaintiff M.A. Taylor was convicted of first-degree murder and sentenced to death in the Circuit Court of Jackson County on June 17, 1994.

24. Counsel for the State of Missouri have sought an execution date against plaintiff M.A. Taylor.

25. Plaintiff **Leon Taylor** is a citizen of the United States and a resident of the State of Missouri.

26. Plaintiff L. Taylor is a person within the jurisdiction of the State of Missouri.

- 6 -

27. Plaintiff L. Taylor was convicted of first-degree murder and sentenced to death in the Circuit Court of Jackson County on April 22, 1999 .

28. Counsel for the State of Missouri have sought an execution date against plaintiff L. Taylor.

29. Plaintiff **Walter T. Storey** is a citizen of the United States and a resident of the State of Missouri.

30. Plaintiff Storey is a person within the jurisdiction of the State of Missouri.

31. Plaintiff Storey was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Charles County on December 17, 1999.

32. Counsel for the State of Missouri have sought an execution date against plaintiff Storey.

33. Plaintiff **Herbert Smulls** is a citizen of the United States and a resident of the State of Missouri.

34. Plaintiff Smulls is a person within the jurisdiction of the State of Missouri.

35. Plaintiff Smulls was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on December 18, 1992.

- 7 -

36. Counsel for the State of Missouri have sought an execution date against plaintiff Smulls.

37. Plaintiff **William Rousan** is a citizen of the United States and a resident of the State of Missouri.

38. Plaintiff Rousan is a person within the jurisdiction of the State of Missouri.

39. Plaintiff Rousan was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Francois County on October 23, 1996.

40. Counsel for the State of Missouri have sought an execution date against plaintiff Rousan.

41. Plaintiff **Earl (Mahir Jawad) Ringo, Jr,** is a citizen of the United States and a resident of the State of Missouri.

42. Plaintiff Ringo is a person within the jurisdiction of the State of Missouri.

43. Plaintiff Ringo was convicted of first-degree murder and sentenced to death in the Circuit Court of Boone County on July 26, 1999.

44. Counsel for the State of Missouri have sought an execution date against plaintiff Ringo.

45. Plaintiff **Roderick Nunley** is a citizen of the United States and a resident of the State of Missouri.

- 8 -

46. Plaintiff Nunley is a person within the jurisdiction of the State of Missouri.

47. Plaintiff Nunley was convicted of first-degree murder and sentenced to death in the Circuit Court of Jackson County on May 10, 1994.

48. The Missouri Supreme Court set an execution date of October 20, 2010, against plaintiff Nunley.

49. The United States District Court for the Western District of Missouri stayed plaintiff Nunley's execution on October 18, 2010, pending disposition of his supplemental petition for habeas corpus, which the respondent in that action opposes. The latter stay is still in effect, with plaintiff Nunley's supplemental petition set for oral argument on July 26, 2012.

50. Plaintiff **Allen L. Nicklasson** is a citizen of the United States and a resident of the State of Missouri.

51. Plaintiff Nicklasson is a person within the jurisdiction of the State of Missouri.

52. Plaintiff Nicklasson was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on June 28, 1996.

53. Counsel for the State of Missouri have sought an execution date against plaintiff Nicklasson.

- 9 -

54.    Plaintiff **John C. Middleton** is a citizen of the United States and a resident of the State of Missouri.

55.    Plaintiff Middleton is a person within the jurisdiction of the State of Missouri.

56.    Plaintiff Middleton was convicted of separate counts of first-degree murder and sentenced to death in the Circuit Court of Adair County on April 14, 1997, and in the Circuit Court of Callaway County on March 30, 1998.

57.    Counsel for the State of Missouri have sought an execution date against plaintiff Middleton.

58.    Plaintiff **Paul T. Goodwin** is a citizen of the United States and a resident of the State of Missouri.

59.    Plaintiff Goodwin is a person within the jurisdiction of the State of Missouri.

60.    Plaintiff Goodwin was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on December 2, 1999.

61.    Counsel for the State of Missouri have sought an execution date against plaintiff Goodwin.

62.    Plaintiff **Joseph Paul Franklin** is a citizen of the United States and a resident of the State of Missouri.

- 10 -

63.  Plaintiff Franklin is a person within the jurisdiction of the State of Missouri.

64.  Plaintiff Franklin was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on February 27, 1997.

65.  Counsel for the State of Missouri have sought an execution date against plaintiff Franklin.

66.  Plaintiff **Jeffrey R. Ferguson** is a citizen of the United States and a resident of the State of Missouri.

67.  Plaintiff Ferguson is a person within the jurisdiction of the State of Missouri.

68.  Plaintiff Ferguson was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on December 8, 1995.

69.  Counsel for the State of Missouri have sought an execution date against plaintiff Ferguson.

70.  Plaintiff **Andre Cole** is a citizen of the United States and a resident of the State of Missouri.

71.  Plaintiff Cole is a person within the jurisdiction of the State of Missouri.

- 11 -

72. Plaintiff Cole was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on March 9, 2001.

73. Counsel for the State of Missouri have sought an execution date against plaintiff Cole.

74. Plaintiff **Reginald Clemons** is a citizen of the United States and a resident of the State of Missouri.

75. Plaintiff Clemons is a person within the jurisdiction of the State of Missouri.

76. Plaintiff Clemons was convicted of first-degree murder and sentenced to death in the Circuit Court of the City of St. Louis on April 2, 1993.

77. Counsel for the State of Missouri have sought an execution date against plaintiff Clemons.

78. On May 18, 2009, the Missouri Supreme Court set an execution date of June 17, 2009 against plaintiff Clemons. On June 5, 2009, the Eighth Circuit Court of Appeals stayed that execution. Mr. Clemons is pursuing habeas corpus relief under Mo. S. Ct. R. 91, which the respondent in that action opposes, and the matter is set for an evidentiary hearing before the Hon. Michael W. Manners on September 17, 2012.

- 12 -

79.     Plaintiff **Cecil Clayton** is a citizen of the United States and a resident of the State of Missouri.

80.     Plaintiff Clayton is a person within the jurisdiction of the State of Missouri.

81.     Plaintiff Clayton was convicted of first-degree murder and sentenced to death in the Circuit Court of Jasper County on October 27, 1997.

82.     Counsel for the State of Missouri have sought an execution date against plaintiff Clayton.

83.     Plaintiff **Mark Christeson** is a citizen of the United States and a resident of the State of Missouri.

84.     Plaintiff Christeson is a person within the jurisdiction of the State of Missouri.

85.     Plaintiff Christeson was convicted of first-degree murder and sentenced to death in the Circuit Court of Vernon County on October 8, 1999.

86.     Counsel for the State of Missouri have sought an execution date against plaintiff Christeson.

87.     Plaintiff **Russell Earl Bucklew** is a citizen of the United States and a resident of the State of Missouri.

88.     Plaintiff Bucklew is a person within the jurisdiction of the State of Missouri.

- 13 -

89.   Plaintiff Bucklew was convicted of first-degree murder and sentenced to death in the Circuit Court of Boone County on May 19, 1997.

90.   Counsel for the State of Missouri have sought an execution date against plaintiff Bucklew.

91.   Plaintiff **David M. Barnett** is a citizen of the United States and a resident of the State of Missouri.

92.   Plaintiff Barnett is a person within the jurisdiction of the State of Missouri.

93.   Plaintiff Barnett was convicted of first-degree murder and sentenced to death in the Circuit Court of St. Louis County on May 2, 1997.

94.   Counsel for the State of Missouri have sought an execution date against plaintiff Barnett.

95.   Defendant **George A. Lombardi** is the Director of the Department of Corrections of the State of Missouri.

96.   Defendant Lombardi's office is at 2729 Plaza Drive, Jefferson City, Cole County, Missouri  65109, in Cole County, Missouri.

97.   On information and belief, defendant Lombardi works primarily at the Department's central office as aforesaid.

98.   Missouri statute specifically authorizes and directs defendant Lombardi to prescribe and direct the means by which the

- 14 -

Department of Corrections carries out executions within the statutorily named methods of lethal gas or lethal injection.[3]

99. Plaintiffs sue defendant Lombardi in his official capacity.

100. At all times and in all respects referred to in this complaint, defendant Lombardi acted and will act under color of state law.

101. Defendant **David R. Dormire** is the Director of the Division of Adult Institutions of the Department of Corrections of the State of Missouri.

102. Defendant Dormire's office is at 2729 Plaza Drive, Jefferson City, Cole County, Missouri 65109, in Cole County, Missouri.

103. On information and belief, defendant Dormire works primarily at the Department's central office in Cole County as aforesaid.

104. Defendant Dormire is the chief executive officer of the Division of Adult Institutions, and has command-and-control authority over the officials, officers, and employees of the department directly or indirectly involved in carrying out executions in the State of Missouri (including defendant Russell), and specifically with respect to the implementation of the current execution protocol.

105. Plaintiffs sue defendant Dormire in his official capacity.

_____

[3]Mo. Rev. Stat. § 546.720.

- 15 -

106. At all times and in all respects referred to in this complaint, defendant Dormire acted and will act under color of state law.

107. Defendant **Terry Russell** is the Warden of the Eastern Reception Diagnostic & Correctional Center (ERDCC), 2727 Highway K, Bonne Terre, St. Francois County, Missouri 63628, in St. Francois County, Missouri, where the State of Missouri began conducting its executions since April 27, 2005.

108. By virtue of his authority over the staff of ERDCC, defendant Russell is responsible for the way in which executions are conducted in Missouri.

109. Plaintiffs sue defendant Russell in his official capacity.

110. At all times and in all respects referred to in this complaint, defendant Russell acted and will act under color of state law.

111. Defendants **John Does 2-40** are officials, officers, employees, agents, and servants (however denominated) of the State of Missouri who, by virtue of their employment or other status (including independent contractors and volunteers under the supervision of the defendants and their designees), participate in the planning of, purchasing and preparation for, carrying out of, and covering up of details about executions in the State of Missouri.

- 16 -

112. Plaintiffs cannot provide the Court the natural names of these individuals because since 2007, a Missouri statute has required that the names be kept secret.[4]

113. Plaintiffs sue John Does 2-40 in their official capacities.

114. On information and belief, defendants Does 2-40 may be found at the Eastern Reception Diagnostic and Correctional Center as aforesaid.

115. At all times and in all respects referred to in this complaint, defendants Does 2-40 acted and will act under color of state law.

116. Each and all of the foregoing defendants Lombardi, Dormire, Russell, and Does 2-40 at all times relevant to this complaint were acting or are intending to act in their official capacities with respect to all acts and omissions described in this complaint, and were in each instance acting or are intending to act under color of state law.

117. Defendants and each of them intend to act in their respective official capacities and under color of state law to execute the plaintiffs by lethal injection in the manner set forth in this complaint.

---

[4]Mo. Rev. Stat. § 546.270.2-3, as amended by Mo. LAWS 2007, H.B. No. 820, § A.

Case 2:12-cv-04209-BP   Document 1-1   Filed 08/01/12   Page 17 of 25

## Factual Basis for Claims

118. In 1937, the State of Missouri changed its sole method of execution from hanging in the county of conviction to the gas chamber at the then Missouri State Penitentiary in Jefferson City.

119. In 1988, it added lethal injection as an option, providing that the Director of the Department of Corrections would designate a form of execution using lethal gas or lethal injection[5].

120. From the first lethal-injection execution in 1989 through the most recent in 2010, state officials have used a three-chemical sequence including sodium thiopental, pancuronium bromide, and potassium chloride.

121. In 2004 and 2005, condemned prisoners brought before the Department of Corrections and the state and federal courts the claim that the three-chemical sequence protocol violated the Eighth and Fourteenth Amendments in light of the foreseeable likelihood that the condemned person would not be anesthetized by the time the state actors injected him with the second two chemicals, but that he would be unable to display the resulting pain and suffering due to the paralysis they had caused by injecting him with the pancuronium bromide[6].

---

[5]Mo. Rev. Stat. § 546.720 (subsequently amended to conceal facts about Eighth Amendment claims).

[6]*E.g., Johnston v. Kempker*, No. 4:04-CV-01075-DJS (E.D. Mo.), *eventual denial of relief aff'd sub nom. Johnston v. Roper*, No. 05-3353

- 18 -

122. In *Taylor v. Crawford*, the United States District Court for the Western District of Missouri required the defendants' predecessors in office to issue a written protocol and to discontinue the practice of central line access, in which they engaged in a surgical procedure before the scheduled execution to make it easier for them to inject the lethal chemicals into the condemned.[7]

123. While the federal district court's order in *Taylor* was on appeal, the defendants' predecessors in office terminated the services of a surgeon they had employed to assist in executions even after plaintiff Michael Anthony Taylor demonstrated that this defendant, John Doe 1, admitted to being dyslexic and to getting dosages mixed up, in some instances giving less than the amount of sodium thiopental the unwritten protocol required in order to anesthetize the condemned person before injecting him with the other two lethal chemicals.

124. Eventually, after the changes that the district court had—after an evidentiary hearing—ordered in Mr. Taylor's case, the federal courts rejected remaining issues with the three-chemical

---

(8th Cir. Aug. 30, 2005) (Loken, C.J., and Bye & Melloy, JJ., dissenting).

[7]*Taylor v. Crawford,* No. 05-4173-CV-C-FJG, 2006 WL 1779035 (Doc. No. 195) at 5 & 7-9 (Order of June 26, 2006).

- 19 -

sequence and with the Missouri defendants' practices for implementing it.[8]

125. In 2008, in this Court, plaintiffs including seventeen Missouri prisoners under sentence of death, some of their family members and clergy, and two state legislators sought a declaratory judgment that the Department of Corrections needed to follow the state Administrative Procedure Act, Mo. Rev. Stat. ch. 536, in adopting an execution protocol. On August 13, 2008, this Court (the Hon. Jon O. Beetem) found that the execution protocol which the federal court had required the defendants' predecessors in office to promulgate was not a "rule" within the meaning of chapter 536.[9]

126. Plaintiffs in that action appealed to the Missouri Court of Appeals, Western District. There was an outstanding execution warrant against the lead plaintiff, John C. Middleton, who would have been executed using the challenged protocol. Plaintiffs therefore sought an injunction and an expedited disposition of the appeal. The appellate

_____

[8]*Clemons v. Crawford,* 585 F.3d 1119 (8th Cir. 2009), *cert. denied,* 130 S.Ct. 3507 (2010); *Taylor v. Crawford,* 487 F.3d 1072 (8th Cir. 2007), *cert. denied,* 553 U.S. 1004 (2008).

[9]*Middleton v. Missouri Department of Corrections,* No. 08AC-CC00595 (Cir. Ct. Cole Cty.).

- 20 -

court found that it did not have jurisdiction to alter an execution date which the Supreme Court of Missouri had set.[10]

127. Thereafter, the Supreme Court of Missouri transferred the appeal to itself on its own motion, stayed the execution, and set its own briefing schedule for the appeal.[11]

128. After briefing, argument, and re-argument, the Supreme Court of Missouri rejected, by a vote of four to three, the proposition that the execution protocol required the notice and comment process of chapter 536.[12] The United States Supreme Court denied certiorari in 2009.[13]

129. The same year, in *Ringo et al. v. Lombardi et al.*, No. 09-4095-CV-C-NKL (W.D. Mo.), condemned Missouri prisoners raised the new claim that the defendants' protocol calling for the use of sodium thiopental, pancuronium bromide, and potassium chloride as aforesaid violated the Supremacy Clause, U.S. Const. art. VI, cl. 2, in that the Food, Drug & Cosmetics Act, 21 U.S.C. §§ 301, et seq., and the

---

[10]*Middleton v. Missouri Department of Corrections*, No. WD69995 (Mo. Ct. App. W.D. Aug. 25, 2008).

[11]*Middleton v. Missouri Department of Corrections*, No. SC80941 (Mo. Sep. 3, 2008).

[12]*Middleton v. Missouri Department of Corrections*, 2009 WL 837696 (Mo. banc Mar. 31, 2009) (modified opinion available only on Westlaw); *cf.* 278 S.W.3d 193 (Mo. banc Apr. 24, 2009) (unmodified published opinion).

[13]*Middleton v. Missouri Department of Corrections*, 129 S.Ct. 2430 (2009) (mem.).

- 21 -

Controlled Substances Act, 21 U.S.C. §§ 801, et seq., pre-empted the protocol which the defendants' predecessors in office adopted as the federal district court had ordered them to do, and the Eighth Circuit had relied on, in Mr. Taylor's case.[14]

130. Plaintiffs showed, first, that under the three-chemical sequence protocol, a non-medical prison employee injected the anesthetic by carrying out an otherwise highly specialized medical procedure known as an "IV push," even though this drug may be dispensed only by a medical practitioner who is registered with the Drug Enforcement Administration. *See* 21 U.S.C. § 822(a). Doc. No. 263 at 3-10.

131. Second, the plaintiffs showed that the protocol arbitrarily required the use of sodium thiopental as the anesthetic, and that it did not provide for the issuance of a medical prescription as required by the CSA and FDCA, and with it, a practitioner's medical judgment that the prescribed drug optimally serves the relevant medical purpose. *See* 21 U.S.C. § 829(b); 21 U.S.C. § 353(b)(1). Plaintiffs reasoned that these deviations from accepted practice placed the plaintiffs in danger— according to their expert evidence—of "substantial and medically unacceptable risks of inflicting excruciating pain and suffering on inmates while the lethal injection is administered." Doc. No. 263 at 7.

---

[14] *See Ringo v. Lombardi*, No. 09-4095-CV-C-NKL, Doc. No. 6 (¶ 6).

132. On March 2, 2010, the district court denied the defendants' motion to dismiss. Doc. No. 72.

133. On August 18, 2010, the district court granted in part and denied in part the defendants' motion for judgment on the pleadings. Doc. No. 138.

134. On August 15, 2011, the district court observed that the state appeared to be in violation of the Food, Drug, and Cosmetic Act, as well as the Controlled Substances Act. (Doc. No. 263 at 19 n.2.) On the facts then before it, however, the district court granted summary judgment to the state-affiliated defendants. It held that the plaintiffs lacked standing because they did not establish an injury-in-fact. It reasoned that the plaintiffs showed only a "hypothetical risk" of "future injury," or only an "abstract injury." (Id. at 13-19.) Plaintiffs appealed the dismissal to the United States Court of Appeals for the Eighth Circuit.

135. On March 15, 2012, at oral argument, counsel for the defendants represented to the appellate court that they did not know what the defendants would use as the first chemical under the court-required protocol in light of the difficulty they were having in purchasing sodium thiopental, which the court-ordered protocol required.

- 23 -

136.  On May 8, 2012, the Eighth Circuit found that the case was moot because the defendants did not know what they were going to use in light of the unavailability for use in executions of sodium thiopental, and remanded the case to the district court with instructions to dismiss it without prejudice.[15]

137.  On May 15, 2012, the Eighth Circuit granted an extension of time, through and including June 5, 2012, to file a motion for rehearing from the latter judgment.

138.  On May 15, 2012, however, defendant Lombardi issued a new protocol prescribing lidocaine and propofol, without notice to the Supreme Court of Missouri (which sets execution dates in this state[6]), the plaintiffs' counsel, or the public by way of the media.  Plaintiffs submit this protocol to this Court as an attachment to Plaintiffs' Exhibit 1 (an affidavit of Mark J.S. Heath, M.D.), a true and correct copy of which is attached to this petition and marked as "Heath Affidavit Exhibit 2."

139.  On May 17, 2012, the state Attorney General's Office filed motions in nine appeals before the Missouri Supreme Court, seeking execution dates against nine of the plaintiffs in this action.  In the same motions, the same office presented tables of ten other plaintiffs in whose

---

[15]*See Ringo v. Lombardi,* 677 F.3d 793 (8th Cir. 2012).
[16]Mo. S. Ct. R. 29.08(d)(1).

- 24 -

state-court appeals it had already sought execution dates. (See Plaintiffs' Exhibit 2, a true and correct copy of which is attached to this petition and marked as such.)

140. On information and belief, on May 17, 2012, without notice to or presence of the plaintiffs' counsel, defendants Lombardi and Dormire caused their agents Warden Troy Steele and Deputy Warden Fred Johnson at the Potosi Correctional Center to assemble condemned persons in groups of about ten, or to go to their cells, to tell them that the department had acquired the chemicals it needed to resume executions, that it intended to proceed with their executions, and that their families may see their names in the media as scheduled to be executed in the near future. When one or more of the represented plaintiffs brought up with the defendants' agents the fact of the extension of time to seek rehearing, the defendants' agent Johnson replied that that did not matter, because June 5 was two weeks away.

141. In response to these motions to set execution dates, the Missouri Supreme Court issued orders under its docket numbers for six of the plaintiffs' appeals before it, directing them to show cause by June 29, 2012, why it should not set execution dates against them. (See Plaintiffs' Exhibit 3 (redacted sample order), a true and correct copy of which is attached to this petition and marked as such.) The six plaintiffs to whom the Missouri Supreme Court directed these orders

- 25 -