# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DAVID ZINK, et al., <br>     Plaintiffs, | ) <br> ) <br> ) |
| v. | )    No. 2:12-CV-4209-NKL |
| | ) |
| GEORGE LOMBARDI, et al., <br>     Defendants. | ) <br> ) |

## SUGGESTIONS IN OPPOSITION TO MOTION TO REMAND

### Case Summary

A group of Missouri inmates filed a lawsuit in the Circuit Court of Cole County, Missouri challenging Missouri's lethal injection protocol. The suit alleges that the protocol violates the ban on cruel and unusual punishment, the Food Drug and Cosmetic Act, the ban on ex post facto laws, and the separation of powers provision of the Missouri Constitution (because the Department of Correction controls the details of the execution procedure). This Court and the United States Court of Appeals for the Eighth Circuit have already resolved litigation on cruel and unusual punishment and FDCA challenges to Missouri lethal injection procedures and are familiar with the principle issues in

1

this case. The earlier cases litigating these issues in the federal courts include *Taylor v. Crawford*, 487 F.3d 1072 (8th Cir. 2007); *Clemons v. Crawford*, 585 F.3d 1119 (8th Cir. 2009); and *Ringo v. Lombardi*, 677 F.3d 793 (8th Cir. 2012). Therefore the defendants removed the case from the Circuit Court of Cole County to this Court.

The inmates now ask this Court to remand the case back to the Cole County Circuit Court. The inmates rely on two abstention doctrines, *Burford* abstention and *Pullman* abstention. But neither doctrine applies here. *Burford* abstention exists for cases involving complex state administrative procedure schemes for which a centralized state decision process is necessary and provided by state law.[1] *Pullman* abstention is a discretionary type of extension that may be used in cases in which the resolution of an uncertain question of state law is antecedent to the resolution

---

[1] *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). (dispute over allocution of permission to drill in East Texas oil field by the Texas Railroad Commission).

of a federal law question.[2]  Even if the conditions of *Pullman* abstention are met, a court should engage in a balancing analysis on whether to remand the case with the balance weighted heavily in favoring of retaining jurisdiction.[3]

In this case *Burford* abstention is inapplicable because this case is not about a complex regulatory scheme.  *Pullman* abstention is inapplicable because there are no uncertain questions of state law antecedent to resolving federal law questions.  The two real state law issues in the case, separation of powers and application of a retrospective law, are without merit under existing Missouri law.  And even if this case technically met the requirements of *Pullman* or *Burford* abstention, which it does

---

[2] See *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941) (dispute over decision of Texas Railroad Commission that on trains carrying a single sleeping car, the car should no longer be under the charge of Pullman porter, but rather under the charge of a Pullman conductor).

[3] *Vermont Right to Life Committee v. Sorrell*, 221 F.3d 376, 385 (2nd Cir. 2000).

not, this Court should still apply a weighted balancing test and not remand the case.

**The *Burford* doctrine does not apply to this case.**

The inmates are challenging Missouri's execution protocol because it calls for them to be executed by a lethal injection of propofol, which they allege will or may be more uncomfortable than the use of a different chemical. The inmates also challenge §546.720 RSMo because the statute directs the Department of Corrections to carry out executions by lethal gas or lethal chemicals without telling the Director of the Department which chemicals to use or in what amounts to use them. The challenged protocol and statute have nothing to do with a complex regulatory scheme involving specialized knowledge. Nevertheless the inmates argue for *Burford* abstention.

But the United States Court of Appeals for the Eighth Circuit has rejected the idea that *Burford* abstention is applicable in a case that does not involve a complex regulatory scheme.[4] The

---

[4] *Case v. Federal Deposit Ins. Corp.* 583 F.3d 586, 592 (8th Cir. 2009)

Court of Appeals rejected the idea that *Burford* abstention could apply to a challenge to Missouri's ban on the unauthorized practice of law because among other reasons "there is no indication Missouri's prohibition on the unauthorized practice of law constitutes a complex regulatory scheme."[5] Further, the United States Court of Appeals for the Eighth Circuit has held that even if the complex regulatory scheme requirement for *Burford* abstention is met, abstention is the exception and not the rule, and that a district court in considering abstention should couple its analysis with a strong preference for exercising jurisdiction.[6]

The inmates assert that they need not "neatly fit" under either the *Burford* or *Pullman* doctrine for this Court to abstain, and they cite two cases as support the apparent proposition that they should receive a remand even if they do not really meet the

---

[5] *Id.*

[6] *Melahn v. Pencock Ins. Inc.*, 965 F.2d 1497, 1503 (8th Cir. 1992) (reversing district court for abusing its discretion by abstaining under *Burford*).

conditions for abstention.[7] But the cases cited by the inmates do not support the general proposition that a court may remand a case based on a hodge podge of arguments that fail under any recognized form of analysis.

The United States Supreme Court case cited by the inmates, was a case in which the United States Supreme Court conducted separate analysis under *Burford* and *Younger* abstention principles, found that the litigant seeking removal met the test for neither *Burford* nor *Younger* abstention, and held that it had been abuse of discretion to abstain from the case.[8] Before starting its *Burford* and *Younger* analyses the Court stated that the various types of abstention analysis are not pigeonholes, but that the policy considerations supporting *Buford* abstention are sufficiently

---

[7] Document 9 at 9 citing *New Orleans Public Service Inc. (NOPSI) v. City Counsel of New Orleans*, 491 U.S. 350 (1989) and *Wolfson v. Mutual Benefit Life Ins. Co.*, 51 F.3d 141, 145-146 (8th Cir. 1995).

[8] *NOPSI*, 491 U.S. at 360-374.

6
Case 2:12-cv-04209-NKL   Document 15   Filed 09/07/12   Page 6 of 15

distinct to justify independent analysis.[9] *NOPSI*, read in context, does not provide an endorsement for the position that one can fail the recognized tests for abstention but still expect a case to be remanded. The Eighth Circuit case cited by the inmates, *Wolfson*, although it contains language about the permissibility of merging analysis, is really a *Burford* case, which stays a federal suit against an insolvent insurance company based on deference to a state insurance regulatory scheme.[10] *Wolfson* does not support the general proposition that a federal court may abstain from exercising its jurisdiction based on cherry picked analysis from different abstention doctrines that would fail under any recognized form of analysis.

The inmates fail the test for *Burford* abstention.

### The *Pullman* abstention doctrine does not apply.

*Pullman* abstention may be appropriate where 1) an unclear state statute is at issue; 2) the resolution of a federal

---

[9] *Id.* at 359-360.

[10] *Wolfson v. Mutual Benefit Life Ins. Co.,* 51 F.3d 141 (8th Cir. 1995).

constitutional issue depends on the interpretation of state law; and 3) the law is susceptible to an interpretation by a state court that would avoid or modify the federal constitutional issue.[11] But satisfaction of all three criteria does not require abstention and a court should, if the all the criteria are met, engage in "a careful balancing of important factors as they apply in a given case with the balance heavily weighted in favor of the exercise of jurisdiction."[12] If a plaintiff asserts a federal statutory claim, that is normally a strong reason for a federal court not to abstain.[13] This is not a case in which the resolution of a federal constitutional question depends on the interpretation of an unclear state statute, and even if it were, this would not be the type of rare and exceptional case that should cause a federal court to step away from the normal practice of exercising its jurisdiction.

---

[11] *Vermont Right to Life*, 221 F.3d at 385

[12] *Id.* quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

[13] *Wolfson*, 51 F.3d at 146.

The inmates raise four claims. These claims are that Missouri lethal injection procedures are cruel and unusual punishment, Missouri execution procedures violate the Food Drug and Cosmetic Act (FDCA), the change from thiopental to propofol in lethal injection procedures violates the ban on ex post facto laws, and the Missouri statute, which leaves the details of the executions to the Department of Corrections, violates separation of powers principals under the Missouri Constitution. None of these claims present unclear or unsettled issues of the interpretation of state law on which the determination of a federal constitutional question is dependent.

The cruel and unusual punishment provisions of the United States and Missouri Constitutions require identical analysis.[14] The FDCA claim is a question about federal statutory law. The Ex Post Facto Clause analysis applied by the Missouri Supreme Court and the United States Supreme Court upon the changing of

---

[14] *Burnett v. State*, 311 S.W.3d 810, 814 n.3 (Mo. App. E.D. 2009); citing *State v. Lee*, 841 S.W.2d 648, 644-655 (Mo. banc 1992).

execution methods has been identical.[15] None those claims involve an interpretation of state law on which the resolution of a federal constitutional claim is dependent.

The case presents two state law issues that involve analysis distinct from federal constitutional analysis. The first issue involves a provision of the Missouri Constitution that bans retrospective laws.[16] The second alleges that it is a violation of Missouri separation of powers principles for the Department of Corrections to handle the details of executions, including selecting the lethal chemical. But both challenges are far from being based

---

[15] *Compare State v. Brown*, 112 S.W.2d 568 (Mo. 1937) to *Malloy v. South Carolina*, 237 U.S. 180 (1915).

[16] The inmates' "Count III Enactment of Ex Post Facto Law" in the complaint refers only to an ex post facto law, not a retrospective law (Complaint Pages 39-40 Paragraphs 184-189). But the defendants infer from subsequent pleadings that the inmates are also raising a retrospective law claim (*See* Motion to Remand Page 18).

on unclear, or unsettled, issues of state law, and are without merit under established Missouri law.

The Missouri Supreme Court in *Rentschler v. Nixon* analyzed an Ex Post Facto Clause challenge by citing to United States Supreme Court precedents, and rejected a retrospective law challenge to the same conduct by pointing out that the challenged statutory change involved a matter that had been left to agency discretion and that therefore no disability or taking away of a vested right could have resulted from the change, defeating the retrospective law challenge.[17] In this case, the inmates' retrospective law complaint is about a change in a procedure that they admit has been left to the discretion of the Department of Corrections. Under *Rentschler*, the claim fails as a matter of law.

The inmates' separation of powers claim fares no better. In *State v. Cushman* the Missouri Supreme Court upheld a statute that permitted the Director of Revenue to determine what specific types of helmets must be worn by motorcyclists under criminal penalties, holding that the statute establishes a public policy and

---

[17] *Rentschler v. Nixon*, 311 S.W.3d 783, 788 (Mo. banc 2010)

permissibly leaves to the Director the administrative duty of filling in the details of the policy in implementing the law.[18] The inmates cite no Missouri case in which a similar statute has ever been held to violate separation of powers principles and instead argue that because one jurisdiction in the United States (Arkansas) has agreed with their position, Missouri law is now unsettled and this Court should abstain from the case. But that argument is not logical. The question under *Pullman* is whether Missouri law is unsettled, not whether it might theoretically be unsettled at some future date because of an outlier decision in another jurisdiction.[19]

---

[18] *State v. Cushman*, 451 S.W.2d 17, 20-21 (Mo 1970). *See also City of St. Louis v. Brune*, 520 S.W.2d 15-16 (Mo. 1975) (matters of administrative detail may be delegated and this is a necessity of modern legislation)

[19] The inmates seem to argue that if their interpretation of Missouri law is "conceivable", then the case meets the requirements of *Pullman*. Motion to Remand at 6 citing *Robinson v. City of Omaha*, 866 F.2d 1042, 1043 (8th Cir. 1989). But

The inmates do not meet the requirements for *Pullman* abstention and the case should not be remanded.

**Additional factors weigh against abstention in this case**

It is well established that abstention is not automatic, and that even if the *Pullman* or *Burford* tests are met, a federal court should conduct a case-specific review with the balance weighted heavily in favor of exercising jurisdiction.[20] In this case, the

---

*Robinson* states that *Pullman* abstention applies "when the case involves a potentially controlling issue of state law that is unclear." *Id*. The court apparently being careful not to prejudice the future resolution of a merits issue, noted that a reading of the statute in question showed it "conceivably supported Robinson's position." The statute is set out in the opinion, and read fairly appears inconsistent with the challenged city ordinance, as the plaintiff alleged. *Robinson* does not stand for the broad proposition that a federal court should abstain if it is "conceivable" a plaintiff would win on a state law claim even though the law on the matter is not unsettled.

[20] *Vermont Right to Life*, 221 F.3d at 385

13

inmates are seeking the interpretation and application of a federal statute, as well as raising federal constitutional claims. This Court and the United State Court of Appeals for the Eighth Circuit have already reviewed similar cruel and unusual punishment claims in *Taylor* and *Clemons*, and a similar FDCA claim in *Ringo*. The pure state law claims of a retrospective law violation and a separation of powers violation are, under current settled Missouri law, without merit. It may have been prudent for the inmates to add these claims in the hope that some future change in the law may eventually work to their advantage. But that hope is not enough to justify this Court taking the extraordinary step of abstaining from exercising its constitutionally mandated jurisdiction over the case.

This Court's past consideration of similar litigation and the involvement of a federal statute are heavy weights in the balance on the side of exercising jurisdiction, and would be even if the inmates really met the conditions of *Burford* or *Pullman*. But the inmates do not really fit within the *Pullman* or *Burford* abstention doctrines and for that reason also this Court should not take the

extraordinary course of declining to exercise its constitutionally supplied jurisdiction over this case.

## Conclusion

The motion to remand should be denied.

Respectfully submitted,

**Chris Koster**
Attorney General

/s/Michael J. Spillane

**Michael Spillane**
Missouri Bar No. 40704
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573)751-7406
Facsimile: (573)751-2096

## Certificate of Service

I hereby certify that document was electronically filed on, this 7th day of September, 2012 and that counsel for plaintiffs are electronic filers who should be served by this Court's electronic filing system.

/s/Michael J. Spillane
_____
Michael J. Spillane