IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DAVID ZINK, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)　　　No. 2:12-CV-4209
　　　　　　　　　　　　　　　　　　)
GEORGE A. LOMBARDI, et al.,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

**REPLY SUGGESTIONS IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND**

The prisoners' motion to remand adequately addresses most of the defendants' arguments in opposition. Only a few issues require additional discussion.

**I.　*Burford* abstention allows a federal court to avoid needless conflict with a state's administration of its own affairs, regardless of whether the case features a "complex regulatory scheme."**

The defendants argue that *Burford* abstention must always involve a state's "complex regulatory scheme."[1] They are wrong. The Supreme Court's abstention cases nowhere require a "complex regulatory scheme," even though *Burford* happened to involve one.[2] It does not matter whether an issue of state law or its means of adjudication is complex, or even whether its resolution would have far-reaching precedential effect. Rather, "It is enough that exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."[3] The Supreme Court has remarked that *Burford* abstention may be appropriate even in

---

[1] Opposition (ECF Doc. 15), at 3-5.

[2] *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976) (both describing the *Burford* doctrine).

[3] *Colorado River*, 424 U.S. at 814.

domestic relations cases, which are neither regulatory nor generally complex.[4] The Eighth Circuit's ruling in *Casey v. FDIC*[5] is not to the contrary. *Casey* observed that *Burford* applies "when a state has established a complex regulatory scheme," but not *o n l y* when such a scheme is at issue.[6]

In any event, abstention does not depend on a "mechanical checklist" of doctrine-specific requirements.[7] Even if the defendants were correct that the four corners of *Burford* require a "complex regulatory scheme," the Court would still need to consider whether to allow the Missouri Supreme Court to decide the proper structure of Missouri's government under Missouri's constitution as it applies to a penalty administered by Missouri's highest court—otherwise stated, whether this Court ought to "avoid needless conflict with the administration by a state of its own affairs."[8] It plainly should, for the reasons already explained.[9]

---

[4]*Ankenbrandt v. Richards*, 504 U.S. 689, 705-06 (1992).

[5]583 F.3d 586 (8th Cir. 2009).

[6]*Id.* at 592.

[7]*Bilden v. United Equitable Ins. Co.*, 921 F.2d 822, 827 (8th Cir. 1990), quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

[8]20 Wright & Miller, *Federal Practice & Procedure Deskbook*, § 54 ("The Abstention Doctrines"), text accompanying footnotes 30-31.

[9]Motion to Remand (ECF Doc. 6), at 10-15.

## II. Because the prisoners assert multiple federal constitutional claims whose avoidance is the very purpose of the *Pullman* doctrine, the additional presence of a federal "statutory" claim does not weaken the case for abstention.

Defendants fare no better addressing *Pullman* abstention. Presumably referring to the prisoners' preemption claim involving the Food, Drug and Cosmetic Act, the defendants contend that a statutory claim "is normally a strong reason for a federal court not to abstain."[10] Defendants misapprehend the principle invoked. *Pullman* is a doctrine of constitutional avoidance; it allows a federal court to avoid reaching a federal constitutional question when an issue of state law might otherwise dispose of it. *Pullman* does not independently extend to federal statutory claims, for "The policy against unnecessary decision of constitutional questions does not reach unnecessary construction of statutes."[11] But the mere presence of a statutory claim, alongside one or more constitutional claims, scarcely defeats *Pullman* abstention.

In this case, the prisoners assert multiple federal constitutional claims that are independent of the preemption claim.[12] They assert that DOC's new protocol amounts to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, and also that the protocol increases their punishment in violation of the ex post facto clause of art. I § 10. The Court may avoid those claims under *Pullman*. If the protocol violates separation of powers principles under the Missouri

---

[10] Opposition (ECF Doc. 15), at 8.

[11] 17A Wright & Miller, *Federal Practice & Procedure* § 4242.

[12] Even though preemption claims arise under the Supremacy Clause, Wright and Miller believe that they do not justify *Pullman* abstention. *See id.*, text accompanying footnotes 11-14. But this Court has endorsed the contrary view. *See Division 1287, Amalgamated Ass'n of Street, Electric Railway, and Motor Coach Employees of America v. Dalton*, 206 F. Supp. 629, 633-34 (W.D. Mo. 1962). Of course, the distinction makes no difference in this case, because the prisoners' preemption claim is one of three that invoke the federal Constitution.

Constitution, then the defendants cannot use the protocol to execute the prisoners. Missouri's separation of powers guaranty is at least "fairly susceptible" to the reading urged by plaintiffs, so that the state constitutional claim may obviate the federal constitutional claims.[13] *Pullman* abstention requires nothing more. The fact that the prisoners separately assert a preemption claim is utterly beside the point.

### III. This Court is not dispositively "familiar" with DOC's new execution protocol, which has never been enacted by any jurisdiction or tested in any court.

Defendants argue that the this Court and the Eighth Circuit have already entertained lethal injection challenges from Missouri and are therefore "familiar with the principle (*sic.*) issues in this case."[14] The defendants cite no authority, and plaintiffs can find none, for the proposition that abstention should be denied when a federal court is "familiar" with the federal law governing federal claims. The federal law to be applied here is not esoteric, and indeed, it denigrates the state courts to suggest that they are less suited than this Court to consider the prisoners' claims of federal right.[15] That suggestion is all the less apt where, as here, federal courts have been specifically warned to avoid interference with a state's administration of its

---

[13]*Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 306-07 (1979); 17A Wright & Miller, *Federal Practice & Procedure*, § 4242 (text accompanying nn. 20-24).

[14]Opposition (ECF Doc. 15), at 1-2, 14.

[15]*See, e.g.*, *Haywood v. Drown*, 556 U.S. 729, 735 (2009) ("[S]tate courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law."); *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507 (1962) ("We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law.")

death penalty.[16]

Defendants grossly exaggerate the Court's "familiarity" in any event. The principal issue in this case is not simply that the prisoners' several claims include one under the Eighth Amendment and one under the Supremacy Clause, but rather, that the challenged protocol is *sui generis*. No state has ever sought to execute a prisoner with propofol. No such executions have been attempted by any other country. There is no case law addressing the hazards of the course plotted by defendants, and the only evidence of record is that the defendants' chosen course creates a substantial risk of severe pain. The circumstances under which defendants developed their protocol remain undiscovered and unadjudicated. We do not know why they selected this particular method, what other methods were considered or pursued, or the scientific basis (if any) for the defendants' apparent disagreement with the only evidence thus far available about the new protocol and its risks. These critical issues cannot be "familiar," because they are still undeveloped. It is little wonder that the Missouri Supreme Court considers the State's motions for execution dates to be "premature" pending this litigation.[17] And that is all the more reason to remand this case to the state court from which it was removed.

WHEREFORE, for all the foregoing reasons, plaintiffs respectfully renew their request that the Court remand this case to the Circuit Court of Cole County.

---

[16] *Baze v. Rees*, 553 U.S. 35, 51, 61 (2008) (plurality opinion of Roberts, C.J.).

[17] Motion to Remand (ECF Doc. 6), Ex. B (orders of Aug. 14, 2012).

Respectfully submitted,

/s/     Joseph W. Luby
Joseph W. Luby, Mo. 48951
Death Penalty Litigation Clinic
6155 Oak Street, Suite C
Kansas City, MO 64113
816-363-2795 • FAX 816-363-2799
*Counsel for Plaintiffs Winfield*
*       and Cole*

John William Simon, Mo. 34535
Constitutional Advocacy, L.L.C.
7201 Delmar Blvd, Suite 201
St. Louis, MO 63130-4106
314-645-1776 • FAX 314-754-2605
*Counsel for Plaintiffs Bucklew,*
*       Ringo, and M.A. Taylor*

Elizabeth Unger Carlyle, Mo. 41930
P.O. Box 30418
Kansas City, MO 64112
816-525-6540 • FAX 866-764-1249
*Counsel for Plaintiffs Barnett,*
*       Clayton, L. Taylor, and Zink*

Cheryl Ann Pilate, Mo. 42266
Morgan Pilate LLC
142 North Cherry
Olathe, KS 66061
913-829-6336 • FAX 913-829-6446
*Counsel for Plaintiffs Bucklew and*
*       Smulls*

Charles M. Rogers, Mo. 25539
Wyrsch Hobbs & Mirakian, P.C.
1000 Walnut, Suite 1600
Kansas City, Missouri 64106
816-221-0080 • FAX -816-221-3280
*Counsel for Plaintiff Smulls*

Lowell D. Pearson, Mo. 46217
Husch Blackwell LLP
235 East High Street
Jefferson City, Missouri 65102-1251
573-761-1115 • FAX 573-634-7854
*Counsel for Plaintiff Clemons*

Jennifer Herndon, Mo. 37921
224 Hwy 67 North, # 122
Florissant, Mo 63031
314-831-5531 • FAX 314-831-5645
*Counsel for Plaintiffs Franklin,*
*       Ferguson, Goodwin,*
*       Nicklasson, Nunley,*
*       and Storey*

Richard H. Sindel, Mo. 23406
Kathryn B. (Kay) Parish #61781
Sindel Sindel & Noble, P.C.
8000 Maryland, Suite 350
Clayton, Missouri 63105
314-721-6040 • FAX -314-721-8545
*Counsel for Plaintiffs Barnett,*
*       Middleton, Ringo, and Zink*

Michael J. Gorla, Mo. 26399
555 Washington Ave., Suite 600
St. Louis, Missouri 63101
314-621-1617 • FAX (314) 621-7448
*Counsel for Plaintiffs Ferguson,*
*       Goodwin, and Nunley*

Eric W. Butts, Mo. 36184
555 Washington Ave., Suite 600
St. Louis, Missouri 63101
314-621-1617 • FAX 314-621-7448
*Counsel for Plaintiffs Christeson*
*       and Rousan*

Gary E. Brotherton, Mo. 38990
Legal Writes, LLC 640
601 West Nifong Blvd.
Building 1, Suite C
Columbia, Missouri 65203
573-875-1571 • FAX 573-875-1572
*Counsel for Plaintiff L. Taylor*

Kevin L. Schriener, Mo. 35490
Law & Schriener, LLC
141 N. Meramec Ave. # 314
Clayton, Missouri 63105-3705
314-480-3389 • FAX 314-863-7096
*Counsel for Plaintiff Storey*

Gino F. Battisti, Mo. 33148
Foley & Mansfield, PLLP
1001 Highlands Plaza Dr. W.
Suite 400
St. Louis, MO 63110
314-925-5700 • FAX 314-925-5701
*Counsel for Plaintiff Worthington*

Susan M. Hunt, Mo. 36130
819 Walnut
Kansas City, Missouri 64106
816-221-4588 • FAX 816-220-0856
*Counsel for Plaintiff Clayton*

Phillip M. Horwitz, Mo. 38493
640 Cepi, Suite A
Chesterfield, Missouri 63005
636-536-9644 • FAX 636-536-7729
*Counsel for Plaintiffs Christeson
   and Rousan*

Jessica E. Sutton, Mo. 63660
Death Penalty Litigation Clinic
6155 Oak Street, Suite C
Kansas City, Missouri 64113
816-363-2795 • FAX 816-363-2799
*Counsel for Plaintiff Cole*

Kent E. Gipson, Mo. 34524
121 E. Gregory Boulevard
Kansas City, Missouri 64114
816-363-4400
kent.gipson@kentgipsonlaw.com
*Counsel for Plaintiff Worthington*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded for transmission via Electronic Case Filing (ECF) this 17th day of September, 2012, Michael J. Spillane and Stephen D. Hawke, Office of the Attorney General, P.O. Box 899, Jefferson City, Missouri 65101.

/s/ Joseph W. Luby

*Counsel for Plaintiffs Winfield and Cole*