IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID ZINK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:12-CV-4209-NKL |
| ) | |
| GEORGE A. LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case involves a challenge by twenty-one death row prisoners to the new execution protocol issued by the Missouri Department of Corrections. Pending before the court is Defendants' Motion for Judgment on the Pleadings [Doc. # 43]. For the reasons set forth below, the Motion is DENIED.

**I.  Background**

Plaintiffs, twenty-one prisoners sentenced to death due to convictions for first degree or capital murder in the state courts of Missouri, bring suit against the following Defendants in their official capacity: George Lombardi, Director of the Missouri Department of Corrections; David Dormire, Director of the Division of Adult Institutions at the Missouri Department of Corrections; Terry Russell, Warden of the Eastern Reception Diagnostic & Correctional Center, where Missouri executions are currently conducted; and John Does 2-40, Anonymous Executioners for the state of Missouri. On May 15, 2012, Defendant Lombardi issued a new execution protocol mandating

1

execution via injection of 2 g of the anesthetic propofol and 10 cc of the pain-suppressant lidocaine, a change from the previous lethal cocktail of sodium thiopental, potassium chloride, and pancuronium bromide used in past executions.

In November 2012, the Court granted in part and denied in part a motion to dismiss brought by Defendants. [Doc. # 31]. In their remaining claims, Plaintiffs allege that the new execution protocol violates the prohibition on cruel and unusual punishment of the Eighth and Fourteenth Amendments and the Missouri Constitution by inflicting unconscionable pain without reliable mitigation; and that application of the newly promulgated protocol to Plaintiffs violates the *ex post facto* clause of the United States Constitution and the retrospective clause of the Missouri Constitution by creating a significant risk of increased punishment. Defendants bring this Motion for Judgment on the Pleadings.

## II. Discussion

### A. Standard of Review

Judgment on the pleadings is only appropriate when "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir.2002)). At this stage, the Court views all facts pled by the nonmoving party as true, and grants all reasonable inferences in their favor. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004).

### B. Standing

Defendants assert that Plaintiffs' claim that there will be an increased risk of pain from the use of 2 g of propofol is too speculative and so Plaintiffs have no standing. Defendants rely on the recent Supreme Court ruling in *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013) that injury must be "concrete, particularized, and actual or imminent" for a plaintiff to have standing. *Id*. at 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2752 (2010)). In its ruling, the Supreme Court emphasized that the "threatened injury must be *certainly impending* to constitute injury in fact … allegations of *possible* future injury are not sufficient." *Id*. (internal quotes omitted) (emphasis in original). Defendants argue that this standard has not been met because it is "speculation" to claim that using an amount of propofol fifteen times greater than that used in surgeries will cause increased pain upon administration.

The Court has already ruled on the imminence and concreteness of Plaintiffs' injury in its previous Order on Defendants' Motion to Dismiss [Doc. # 31], when discussing Plaintiff's Eighth Amendment challenge. The Eighth Amendment's prohibition on cruel and unusual punishment requires that the risk of future harm "must be '*sure or very likely* to cause serious illness and needless suffering,' and give rise to 'sufficiently *imminent* dangers.'" *Baze v. Rees*, 553 U.S. 35, 49-50, 128 S. Ct. 1520, 1530-31 (2008) (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35, 113 S. Ct. 2475 (1993)) (emphasis in original). The Court determined that "Plaintiffs have pled sufficient facts that, taken as true, indicate that a substantial risk of pain is likely to result from administration of the propofol-lidocaine cocktail." [Doc. # 31, p. 7]. The Supreme Court's ruling in *Clapper* did not create a higher standard for articulating injury for

3

purposes of standing than the Court has already applied in the context of Plaintiffs' Eighth Amendment claims, and so *Clapper* does not change the Court's previous analysis.

Additionally, unlike *Clapper*, in which the plaintiffs did not know whether they would be targeted by the federal government under the Foreign Intelligence Surveillance Act but merely feared they would be, here Plaintiffs have been named in motions asking the Missouri Supreme Court to set their execution dates. Furthermore, as discussed in the November 2012 Order, Plaintiffs have adequately supported their claims that the increased dosage of propofol would cause significantly more pain than that caused by the amount of propoful used as an anesthetic, which already makes 60% of patients "scream at the top of their lungs," and that the pain from the increased dosage was unlikely to be offset by the use of lidocaine. [Doc. # 31, p. 4]. Taking the facts pled by Plaintiffs as true, the risk of injury from the method of execution is much more "concrete," "particularized," "imminent" and "impending" for Plaintiffs than the risk of FISA targeting was for the plaintiffs in *Clapper*. Defendants' argument that Plaintiffs have no standing is without merit.

### C.    Cruel and Unusual Punishment

Defendants also contest Plaintiff's claim that the new execution protocol violates the Eighth Amendment's prohibition on cruel and unusual punishment. Defendants persist in framing Plaintiff's Eighth Amendment claim as "a claim that the inmates will suffer the same risk of injection-site pain surgical patients routinely tolerate." [Doc. # 56 – Defendants' Notice of Recent Authority]. However, this misstates Plaintiffs' claim.

Plaintiffs are not claiming that death row inmates will suffer *the same* risk of injection site pain as surgical patients; rather, they allege that there is a significant risk that inmates will suffer substantially greater pain than surgical patients due to the increased amount of propofol involved.  As discussed in the previous Order, Plaintiffs have stated a claim for a violation of the Eighth Amendment because, if the facts pled in their Complaint are taken as true, the new protocol "presents a substantial risk of inflicting unnecessary pain."  *Nooner v. Norris*, 594 F.3d 592, 599 (8th Cir. 2010) *cert. dismissed*, 130 S. Ct. 2432 (U.S. 2010), *cert. denied*, 131 S. Ct. 569 (U.S. 2010) (quoting *Taylor v. Crawford*, 487 F.3d 1072, 1080 (8th Cir. 2007)).  While "a district court may properly depart from an earlier holding if convinced that it is clearly erroneous and would work a manifest injustice," *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992) (internal quotes omitted), Defendants have introduced no new arguments justifying departure from the Court's previous ruling on Plaintiffs' Eighth Amendment claim.

### D. *Ex Post Facto* Punishment

Defendants argue that changes in methods of execution that do not cause the method to be cruel and unusual are changes in procedure rather than an increase in punishment, and so do not violate the *ex post facto* clause of the U.S. Constitution or the retrospective clause of the Missouri Constitution.  As the Supreme Court has made clear, "[e]very law that *changes the punishment,* and inflicts a *greater punishment,* than the law annexed to the crime, when committed," constitutes an *ex post facto* violation.  *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S. Ct. 2715, 2719 (1990) (internal quotes omitted) (emphasis in original).  This includes procedural changes that "affect matters of

5

substance… by depriving a defendant of substantial protections with which the existing law surrounds the person accused of crime, …or arbitrarily infringing upon substantial personal rights." *Id*. at 45, 2720 (internal quotes omitted). Similarly, the Missouri Supreme Court has explained that "no *ex post facto* violation occurs if a change does not alter 'substantial personal rights,' but merely changes 'modes of procedure which do not affect matters of substance.'" *State v. Lawhorn*, 762 S.W.2d 820, 824 (Mo. 1988) (quoting *Miller v. Florida,* 482 U.S. 423, 107 S. Ct. 2446, 2451 (1987)).

If a change to the method of execution constitutes cruel and unusual punishment, it necessarily alters the prisoner's "substantial personal rights" under the Eighth Amendment. Taking Plaintiffs' allegations as true, the Defendants' new execution protocol, albeit a change in "procedure," would substantially increase the risk of unnecessary pain Plaintiffs would endure. The Court has determined this could constitute cruel and unusual punishment.[1] *Cf. Poland v. Stewart*, 117 F.3d 1094, 1105 (9th Cir. 1997) (finding that no *ex post facto* violation occurred where Plaintiffs were given a choice between lethal injection and lethal gas because "[t]he change in method does not make the sentence more burdensome"); *accord Johnson v. Bell*, 457 F. Supp. 2d 839, 842 (M.D. Tenn. 2006). Because the new protocol would constitute cruel and unusual punishment and so violate Plaintiffs' substantial personal rights, the fact that it was a "procedural" change does not prevent an *ex post facto* challenge.

---

[1] In its previous Order, the Court distinguished *Malloy v. S. Carolina,* 237 U.S. 180, 35 S. Ct. 507 (1915), and *State v. Brown,* 112 S.W.2d 568 (Mo. 1937), on which Defendants again rely, on the basis that these cases involved changes to the execution method that made the executions more "humane." *Malloy*, 237 U.S. at 185, 35 S. Ct. at 509; *Brown*, 112 S.W.2d at 571. In contrast to *Malloy* and *Brown*, the change in protocol in the instant case would make the execution method significantly less "humane."

6

Defendants also argue that the *ex post facto* and restrospective law claims fail because the choice of the method of execution is merely an exercise of Defendants' pre-existing discretion. They argue that because the method of execution was always subject to the Defendants' discretion, the Defendants' decision to change the execution protocol could not deprive Plaintiffs of any vested right. However, Plaintiffs have vested rights to be free from cruel and unusual punishment under the Eighth Amendment and from a retrospective increase in punishment under the *ex post facto* clause, and Defendants' exercise of discretion is bounded by these substantive rights. As the Supreme Court has explained, "The presence of discretion does not displace the protections of the Ex Post Facto Clause," which prohibits discretionary decisions that create "a significant risk of increasing [the prisoner's] punishment." *Garner v. Jones*, 529 U.S. 244, 253-55, 120 S. Ct. 1362, 1369-70 (2000); *see also Rentschler v. Nixon*, 311 S.W.3d 783, 788 (Mo. 2010) (the prohibition on retrospective laws "prohibits a law that impairs a vested right").[2] If Plaintiffs' allegations are true, the new protocol would violate the *ex post facto* clause regardless of the fact that it was subject to Defendants' discretion because it would

---

[2] Defendants assert that Plaintiffs are claiming that "they could no longer be executed by firing squad if the particular type of bullet that was used for executions in the past became unavailable." [Doc. #43 – Defendant's Motion for Judgment on the Pleadings]. However, this mischaracterizes Plaintiffs' claim, which is that Defendants' decision to use propofol instead of the previous lethal concoction will result in their being subjected to cruel and unusual punishment and a significant risk of increased punishment. The appropriate analogy is rather that if the new type of bullet caused a significant increase in the risk of pain Plaintiffs would suffer, such that the Eighth Amendment and *ex post facto* clauses were violated, Defendants could not in their discretion choose to use that bullet anyway. Additionally, contrary to Defendants' claim, *Garner* and *Rentschler* do not stand for the proposition that a rule must remove the discretion of a government agency to reduce a punishment in order to violate the *ex post facto* clause.

7

violate their vested rights to be free from cruel and unusual punishment and retroactive increases in punishment.  Therefore, Plaintiffs have stated a viable *ex post facto* claim.

## III.     Conclusion

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings [Doc. # 43] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  March 25, 2013
Jefferson City, Missouri