IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID ZINK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:12-CV-4209-NKL |
| | ) |
| GEORGE LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR PROTECTIVE ORDER REGARDING THE IDENTITY OF MEMBERS OF MISSOURI'S EXECUTION TEAM

### Background

Defendants' Exhibit 1 to this motion is a group of documents including: a letter from Plaintiffs' counsel withdrawing their offer to agree to a protective order protecting the identity of M3 in this case if he does not testify as an expert opinion witness; the protective order this Court issued in *Ringo v. Lombardi*, 2:09-CV-4095-NKL (Document 112) protecting the identities of all execution team members; and this Court's decision granting summary judgment in *Ringo v. Lombardi*,

2:09-CV-4095-NKL (Document 263). Defendants' Exhibit 2 to this motion is a proposed protective order.

M3 is a board-certified anesthesiologist, who is licensed to practice medicine in Missouri, and practices in a private group of anesthesia providers (Resp. Exh. 1, *Ringo* Doc. 263 at 2). M3 is under contract to assist with Missouri executions and has done so in the past (Resp. Exh. 1, *Ringo* Doc. 263 at 3). During an earlier challenge to Missouri execution procedures, this Court, with the consent of the plaintiffs in that case, issued a protective order protecting the identity of all execution team members including M3 from discovery (Resp. Exh. 1, Ringo Doc. 112). Plaintiffs in the current case offered to agree to a similar protective order that included additional language indicating it did not apply to M3, *if he testified as an expert opinion witness*. After Defendants withdrew their designation of M3 as an expert witness, Plaintiffs' counsel modified their offer. Plaintiffs now seek to exclude M3 from the protective order if he testifies about medical procedures he has conducted as a practicing anesthesiologist, even if he offers no expert opinion testimony. (Resp. Exh. 1, Letter from Plaintiffs' counsel).

2

## Reasons for Seeking a Protective Order

This motion for protective order concerns the safety and security of M3 from personal and professional retaliation for his public service. The motion also concerns the ability of this Court to hear both sides of this case, which will be impossible if Defendants must limit M3's factual testimony to omit any references to his practices or observations during surgeries. The motion also concerns the ability of Missouri to choose to have a board certified anesthesiologist as a member of its execution team, as opposed to a less qualified individual. If Defendants cannot protect M3's identity during the discovery process and trial in this case, the ability of this Court to evaluate both sides of the case will be compromised, and there is a serious danger Missouri's policy choice to have such a highly qualified person as a member of the execution team may no longer be viable. This Court can fairly resolve the important issues implicated by this discovery motion by issuing an order protecting M3's identity, and considering any resulting lack of specificity about the particulars of his background, if necessary, in weighing his testimony. The parties have discussed this matter and

3

sought resolution. But the parties are unable to resolve the matter without the assistance of the Court.

Defendants ask this Court, pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) and (D), to issue an order protecting the identities of members of the Missouri execution team, including M3 from disclosure. Defendants have attached a proposed protective order as Exhibit 2 to this motion. Missouri statutory law exempts information that would lead to the identity of execution team members from discovery, and makes persons disclosing this information liable for civil damages. Section 546.720.2 RSMo. 2012 Cum. Supp. This statute reflects the judgment of the Missouri Legislature that it is improper to expose Missouri execution team members to the possibility of retaliation for assisting the State in carrying out executions.

M3's factual testimony about his use of propofol in his anesthesiology practice, and about his observations while using propofol in the same manner it will be used in executions, will assist the Court in understanding the reasons why Missouri has chosen the execution protocol it did, and why the protocol is designed as it is. The testimony

4

will also allow this Court to draw reasonable inferences about what will occur in Missouri executions based on M3's observations while using a similar procedure many times in the past. This evidence is relevant to Plaintiffs' Eighth Amendment and Ex Post Facto Clause claims. M3's testimony will be much less helpful to the Court if he cannot explain why he will act as he does during executions in light of factual testimony about his practice and his observations in conducting surgeries using a similar procedure.

Defendants cannot compromise M3's personal safety and expose him to potential retaliation against his career by disclosing his identity. Plaintiffs by seeking a disclosure of M3's identity, that Defendants cannot make, are in practice seeking to limit M3's fact testimony so that he cannot provide the Court a full picture of what will happen during executions and why. This Court can consider the credibility and weight of M3's factual testimony taking into consideration that his identity has not been disclosed, and that the background information he provides is limited to protect his identity from discovery. The disclosure of M3's identity is not necessary for this Court to resolve the case. But if

5

Defendants cannot protect M3's identity without severely restricting his factual testimony, it becomes impossible for this Court to hear both sides of the case.

This case involves serious policy considerations. "Running a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Because prison administration is committed to those branches, separation of powers principles counsel a policy of judicial restraint, and federal courts should give even more deference when a state penal system is involved. *Id.* at 85.

Missouri has as a matter of public policy chosen to have M3, a board certified anesthesiologist, as a member of the execution team, although the Constitution does not require that the execution team contain an anesthesiologist, or even a physician. *See Clemons v. Crawford*, 585 F3d 1119, 1125-1126 (8th Cir 2009) (holding Missouri's safeguards are more stringent than those in the Kentucky protocol

approved by the United States Supreme Court in *Baze v. Rees*, 553 U.S. 35 (2005), which allowed chemicals to be mixed by nonmedical personnel, and permitted the insertion of an intravenous line by a medical assistant, phlebotomist, EMT, paramedic, or military corpsman). M3 is vulnerable to personal and professional retaliation for his public service. The Missouri Legislature has protected his identity by law. The decision of the Missouri Legislature that the identity of members of the execution team may not be disclosed in discovery is entitled to deference. The opinion of the responsible executive, the Director of the Department of Corrections, that the identity of execution team members should remain confidential, is also entitled to deference. This deference exists in the larger context of Missouri's policy decision to have a board certified anesthesiologist on the execution team, which would be nullified if Missouri is unable to protect the identities of anesthesiologists who choose to assist Missouri in the execution process.

## Conclusion

Defendants ask this Court to issue the proposed protective order attached as Exhibit 2 to his motion or in the alternative to draft and

issue a similar order protecting the identity of all members of Missouri's execution team from disclosure in this suit.

>Respectfully submitted,
>
>CHRIS KOSTER
>Attorney General
>
>/s/ Michael J. Spillane
>MICHAEL J. SPILLANE
>Assistant Attorney General
>Missouri Bar No. 40704
>P. O. Box 899
>Jefferson City, MO  65102
>(573) 751-3321
>(573) 751-3825 fax
>Mike.spillane@ago.mo.gov
>Attorneys for Defendants

**Certificate of Service**
I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system on May 2, 2013. This Court's electronic filing system should serve counsel for the plaintiffs who are electronic filers.

/s/Michael J. Spillane