IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DAVID ZINK et al.,                    )
                                      )
          *Plaintiffs*,               )
                                      )    **This is a capital case.**
v.                                    )
                                      )    No. 2:12-CV-4209-NKL
                                      )
GEORGE A. LOMBARDI et al.,            )
                                      )
          *Defendants*.               )

## PROTECTIVE ORDER

In this action, Plaintiffs are prisoners of the Missouri Department of Corrections (Department) challenging the constitutionality of the specific means its Director has specified for use in executing them. Two claims for relief are currently pending before this Court: that Defendants' use of their current lidocaine-propofol protocol would violate the Cruel and Unusual Punishments Clause of the Eighth Amendment, as made applicable against the states by the Fourteenth Amendment, and Mo. Const. art. I, § 21; and that Defendants' use of the same protocol would violate the Ex Posto Facto Law Clause of U.S. Const. art. I, § 10, and Mo. Const. art, I, § 13. Doc. No. 31. The parties

1

have agreed to a joint plan of discovery, the Court has approved it, and the plaintiffs have filed interrogatories and requests for production of documents under it. Doc. No. 28 & 41. The parties contemplate depositions as well.

Certain documents, information, and tangible objects that may be produced during the course of this discovery contain information that could lead to discovery of the identity of persons who serve, or will serve, on the Department's execution team. Defendants take the position that public disclosure of this information would be contrary to safety, security, and anonymity interests of the Department and its execution personnel.

The Federal Rules of Civil Procedure empower the Court to enter, for "good cause shown" and when "justice [so] requires," protective orders designed to prevent "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In order to permit Plaintiffs to discover information relevant to this case without further delay, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

Case 2:12-cv-04209-NKL   Document 112   Filed 07/23/13   Page 2 of 13

1.     This Order shall govern any interrogatory responses, documents, or other materials produced during discovery as well as all testimony at any deposition, pretrial hearing, trial, or other proceeding in this action, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries, or other materials (whether in written, electronic, or other form) which contain, reflect or disclose information from such documents, testimony, or other materials.  The testimony, documents, and materials referred to in this paragraph collectively shall constitute "Discovery Materials."

2.     Defendants do not intend to call M3 or any other members of the execution team as witnesses in this case. Notwithstanding any provisions of this Order to the contrary, the names, addresses, dates and places of birth, professional licensing numbers, and Social Security Numbers of any officers, employees, agents, and/or contractors involved as execution team members in past executions or expected to be involved in future executions as execution team members shall not be revealed to anyone, including Plaintiffs and counsel for Plaintiffs. "Execution team members" are those individuals who will participate,

or are expected to participate, in the administration of the lethal injection procedure. Any redactions of documents shall conceal only the foregoing personally identifying information about execution team members.

3. Counsel for Defendants shall provide counsel for Plaintiffs with a "John Doe" designation for each individual member of the execution team as well as a functional designation of each person's credential or title as relates to his or her role an any intended execution, for example "Nurse" or "Emergency Technician," as well as his or her role(s) within the execution team, for instance "Team Leader" or "Syringe Pusher." Should the Department add any individual or individuals to its execution team during the course of this litigation, counsel for Defendants shall promptly disclose the existence of each such added individual, assign each new execution team member a John Doe designation to them, and disclose to Plaintiffs' counsel their credential, title, and role within the execution team.

4. Outside of discovery authorized by the Federal Rules of Civil Procedure, counsel for Plaintiffs may not conduct investigations of those persons counsel for Plaintiffs believe to have been on the execution

teams in past executions, nor of those expected to be on the execution teams in future executions. For example, neither counsel, nor anyone acting on their behalf, may contact schools, former employers, or credentialing agencies in an effort to determine the identity of, or gain background information on, execution team members. Nothing in this paragraph shall be construed to expand or otherwise alter the protections set forth in paragraph 2 of this Order.

5.     During the course of this litigation, only the "John Doe" designation, or other functional identifier (such as "the Emergency Medical Technician" or "the Team Leader," as suits the convenience and needs of the parties), shall be used to denote any member of the execution team.

6.     Before disclosure, counsel for any party to this litigation may designate as "Confidential" any Discovery Materials if designating counsel reasonably believes, in good faith, that the materials implicate Defendants' interests in the safety and security of the Department's institutions or contain information that could be used to identify any members of the execution team. Thus, for example, Defendants have the right, before disclosure to Plaintiffs' counsel, to designate as

Case 2:12-cv-04209-NKL   Document 112   Filed 07/23/13   Page 5 of 13

"Confidential" any Discovery Material they produce or provide, if Defendants' counsel believes, in good faith, that release of such material would compromise any of the safety, security, or anonymity concerns Defendants have asserted. Any party designating material as "Confidential" represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact deserving of protection for the reasons set forth in this Order.

7. In designating material as "Confidential," the party so designating it shall identify the protected material with specificity in writing or on the record during a deposition or other legal proceeding. Counsel for any party may, at any time, object to the designation of material as "Confidential." In the event of such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit this dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected and subject to the conditions set forth in this Order.

8. Confidential material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

a. Confidential material may be used only for the this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than

i. named counsel for the parties;

ii. counsel's partners, associates, and support staff;

iii. outside consultants and experts (including consultative expert counsel) engaged by counsel to assist them for purposes of this litigation, to the extent necessary for such consultants or experts to prepare a written opinion, prepare to testify, or to otherwise assist counsel in the prosecution or defense of this action, provided that such use is solely in connection with this action and not for any other purpose;

iv.   any person agreed on in writing by all counsel in this lawsuit;

v.   court employees, court reporters, and persons preparing transcripts of depositions; and

vi.   witnesses in the course of deposition, pretrial hearing, trial, or any other proceeding where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery or evidentiary purposes.

b.   It shall be the responsibility of counsel to bring this Order to the attention of all persons in their respective offices or firms, and of all outside consultants and experts to whom they disclose protected material, and to ensure that all such persons comply with the terms of this Order. Except for counsel of record in this action and court employees, court reporters, and persons preparing transcripts of depositions, any person to whom "Confidential" material is disclosed shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a

8

copy of the Notification of Protective Order, in the form attached hereto as Exhibit A, which the person shall read and sign.

c.     In the event that any material designated under this Protective Order as Confidential is used, described, characterized, excerpted, or referred to in, or attached to, any document filed in this litigation, it shall not lose its "Confidential" status through such use; and the parties shall agree upon a means of filing that prevents the public disclosure of material designated as "Confidential".  For example, the parties may agree to redact "Confidential" information from public filings, or may agree to file pleadings or "Confidential" material under seal.  The parties shall cooperate in good faith in an effort to ensure that only those portions of filings with the Court designated as "Confidential" shall be redacted or filed under seal.

d.     All copies made of any material that is subject to this Order shall be clearly labeled on each page as containing "Confidential" material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals).  All materials

designated "Confidential" shall be so marked prior to the exchange of those materials between the parties. Where it is not possible to affix a stamp or mark indicating that the material is "Confidential," counsel designating material as "confidential" shall take reasonable steps to give opposing counsel notice of the material's status as "Confidential." Legal memoranda and briefs containing protected material and any attorney work-product containing protected material may be retained if such documents are kept in the possession of a party's counsel, and shall not in the future be disclosed contrary to the provisions of this Order.

     e.    Deposition testimony may be designated as "Confidential" before the testimony is transcribed by so stating on the record at the deposition or by providing written notice to all counsel, the court reporter, and all attendees at the deposition prior to the taking of the testimony. If deposition testimony is so designated prior to transcription, the transcript of the designated testimony shall be bound in a separate volume from any testimony that has not been so designated and marked as "Confidential" by the reporter and shall not be made part of the public record.

Regardless of designation made prior to transcription, each deposition transcript shall be treated as "Confidential" until ten days after the receipt of the transcript by counsel. Counsel may designate testimony as "Confidential" by giving written notice to opposing counsel within ten days after designating counsel's receipt of the transcript.

      f.     Counsel shall endeavor to avoid revealing "Confidential" material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to "Confidential" material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as the necessity to do so becomes apparent, and shall propose whatever mechanism or mechanisms may be available and appropriate to prevent disclosure of "Confidential" material as a consequence of such oral proceedings to persons other than those authorized by this Order.

9.     Counsel shall promptly report any breach of the provisions of this Order to the Court and counsel for the party whose protected material was divulged or compromised. On discovery of any breach,

counsel shall immediately take appropriate action to cure the violation and retrieve any "Confidential" material that may have been disclosed to persons not covered by this Order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court.

10. The parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof that are designated pursuant to this Order. Nothing contained in this protective order shall be construed as precluding Plaintiffs or Defendants from introducing any materials, or the contents thereof that are designated as "confidential" pursuant to this Order, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the concerns with safety, security and anonymity that Defendants have asserted.

11. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for the designating party or by an order of the Court.

12. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure or by any statute or other authority; make evidentiary

Case 2:12-cv-04209-NKL   Document 112   Filed 07/23/13   Page 12 of 13

objections at trial; or argue that an adverse inference should be drawn from the nondisclosure of information.

13.    Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

14.    This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

<u>s/ Nanette K. Laughrey</u>
NANETTE K. LAUGHREY
United States District Judge

Dated:  <u>July 23, 2013</u>

Case 2:12-cv-04209-NKL   Document 112   Filed 07/23/13   Page 13 of 13