IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DAVID ZINK, et al., )
)
    *Plaintiffs*, )
)
v. )
) No. 2:12-CV-4209-NKL
)
GEORGE A. LOMBARDI, et al., )
)
    *Defendants*. )

**MOTION FOR APPOINTMENT OF NEXT FRIEND**

    Counsel for plaintiff Cecil Clayton move for the appointment of a next friend to assist in the mediation currently scheduled in this matter, and in support state:

    1. Mr. Clayton, along with other death-sentenced prisoners, is a plaintiff in this matter.

    2. This Court has ordered mediation in this matter on September 18, 2013 at 10:00 a.m. in the Potosi Correctional Center.

    3. This Court has authority to appoint a next friend to assist an incompetent party in litigation. In *Whitmore v. Arkansas*, the United States Supreme Court defined the requirements for standing to appear as "next friend" and outlined "two firmly rooted requirements." *Whitmore v. Arkansas*, 495 U.S. 149,163, 110 S.Ct. 1717,1727 (1990).

> First, a 'next friend' must provide an adequate explanation-such as inaccessibility, *mental incompetence*, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real part in interest. The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

1

4. Mr. Clayton is currently incompetent to be executed, and is incompetent to understand and participate in mediation in this matter. As a result of traumatic brain injury and dementia, his short-term memory is seriously impaired to the point that remembering the content of a short conversation, much less an hours-long mediation session, is impossible for him. Moreover, he has a delusion that he will not, in fact, be executed. This delusion makes it impossible for him to understand that the resolution of this case may affect him personally.

5. In *Rees v. Peyton*, 384 U.S. 312, 314 (1966) (per curiam), the United States Supreme Court set out the standard for determining whether a person is competent to waive post-conviction remedies. Under Rees, a court is required to determine whether the inmate has the "capacity to appreciate his position and make a rational choice with disease, disorder, or defect which may substantially affect his capacity in the premises." Rees, 384 U.S. at 314.1respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." While the issue before this Court is not the same as in *Rees*, in that Mr. Clayton is not seeking to waive his right to post-conviction review, counsel submit that the decision facing him, whether or not to agree to a mediated settlement of his pending lawsuit, is sufficiently similar that the *Rees* standard is instructive.

6. Mr. Clayton has been evaluated by mental health professionals who support his incompetence to participate in this matter. Attached as Exhibit A to this motion is a letter from Dr. William S. Logan, a psychiatrist who examined Mr. Clayton in 2008 and 2012. Although his primary focus has been competence to be executed, counsel has discussed with Dr. Logan the pending mediation. Dr. Logan says:

> [B]ased on his dementia and delusional disorder [Mr. Clayton's] ability to follow conversations, retain information and rationally consider Ms. Carlyle's advice

2

concerning the method of execution is non-existent. When last interviewed, Mr. Clayton knew Ms. Carlyle represented him but could not differentiate her role from that of Ms. Willibey or Mr. Peter Carter. Therefore, it is my additional opinion he is not competent to participate in upcoming mediation concerning the method of carrying out his death sentence.

Attached as Exhibit B to this motion is a letter from Dr. Daniel Foster, who testified at Mr. Clayton's post-conviction hearing and examined him again in 2008. Dr. Foster says that Mr. Clayton "continues to practice his gospel singing in preparation for his ministry once freed, rather than bothering with requests for clemency and extenuation. Concepts beyond him perceptually, not intellectually." Dr. Foster also agrees with Dr. Lea Ann Preston, who examined Mr. Clayton at the U.S. Medical Center for Federal Prisoners in 2005. She opined, "Mr. Clayton's tangential speech impaired judgement, and impaired reasoning abilities, will negatively effect his ability to communicate effectively with his counsel, testify relevantly, and make rational decisions regarding his habeas proceedings."

7. In addition to the above expert opinions, it is the observation of the undersigned counsel that Mr. Clayton is not presently able to understand the issues in this litigation and the implications of any agreement that might emerge from the mediation process. Counsel most recently visited Mr. Clayton on August 3, 2013.

8. Whether or not Mr. Clayton is competent to be executed, the above evaluations cast serious doubt on his ability to participate meaningfully in the mediation process and/or to knowingly and voluntarily agree to a settlement to this litigation.

9. Counsel for Mr. Clayton has conferred with Mr. Clayton's half brother, JD Johnson, and he has agreed to act as Mr. Clayton's next friend in this matter. He is willing and able to be present for the mitigation session on September 18. Mr. Johnson visits Mr. Clayton regularly and communicates with him by letter and phone. He has a close relationship with Mr. Clayton

3

and is well able to represent Mr. Clayton's interests in this litigation. Thus, Mr. Johnson meets the *Whitmore* standard for appointment as a next friend.

For the foregoing reasons, the undersigned counsel for Mr. Clayton pray the Court to appoint JD Johnson as Mr. Clayton's next friend for the mediation scheduled on September 18, 2013, and any subsequent mediation events in this case.

Respectfully submitted,

/s Elizabeth Unger Carlyle

Elizabeth Unger Carlyle
P.O. Box 30418
Kansas City, MO 64112
Missouri Bar No. 41930
(816)525-6540
FAX (866) 764-1249
e-mail elizcar@alumni.neu.edu

Susan M. Hunt
Livestock Exchange Building
1600 Genessee, Suite 806
Kansas City, MO 64102
Missouri Bar No. 36130
816-221-4588
FAX (816) 222-0856

ATTORNEYS FOR CECIL CLAYTON

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served upon counsel of record via this Court's electronic filing system on August 29, 2013.

/s Elizabeth Unger Carlyle

ELIZABETH UNGER CARLYLE