# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DAVID ZINK, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 2:12-CV-4209-NKL |
| GEORGE A. LOMBARDI, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Pending before the Court is Plaintiffs' Motion to Amend the Scheduling Order [Doc. 124]. Plaintiffs seek to amend the scheduling order so that they can file an amended complaint, conduct additional discovery and extend the other deadlines in the scheduling order accordingly. Plaintiffs also seek an order that Defendants' outstanding Motion for Summary Judgment is premature and should be stayed. The Court GRANTS in part the Plaintiffs' Motion.

This litigation began in state court on June 26, 2012. The Defendants removed it to this Court in August 2012. At the time the lawsuit was filed, it involved a specific execution protocol that had been adopted by the Defendants. Plaintiffs challenged the constitutionality of that protocol. After more than thirteen months of litigation, and after the close of discovery, Defendants notified the Plaintiffs that the protocol had been changed to address Plaintiffs' concerns. Defendants promptly filed a motion for

1

summary judgment claiming that the new protocol was constitutional because the Defendants had addressed the concerns that Plaintiffs raised during the lawsuit.

Plaintiffs now contend that they need additional time to amend their complaint to address the new protocol and to conduct discovery. Defendants contend that this is unnecessary because it was the Plaintiffs that identified these concerns and the Defendants merely did what the Plaintiffs indicated would make the execution protocol constitutional. Defendants also contend that Plaintiffs are trying to amend the pleadings to raise issues not related to the changes made by the Defendants to the original protocol.

Because Plaintiffs have only filed a motion to amend the scheduling order and have not filed a motion to amend the pleadings, they did not attach the proposed amendments that they seek to make. Therefore, the Court cannot determine whether the proposed amendments would be futile and whether they only address the recent changes in the protocol made by the Defendants. Given the gravity of the litigation, the Court is unwilling to engage in guesswork or resolve these issues in the context of a procedural motion related to a scheduling order. Further, the problem of timing has been caused by the Defendants' delayed decision to change the protocol. Finally, it appears that Defendants have again made changes to the protocol and have sought permission to identify a new expert witness. Therefore, there is no indication that they will be prejudiced by any delay caused by this amendment to the scheduling order. The Court also grants Plaintiffs' request to stay Defendants' Motion for Summary Judgment.

The Court denies Plaintiffs' remaining request as premature. In the event any amendment to Plaintiffs' Complaint is permitted, a new scheduling order will be necessary and the parties will be asked to work together to propose one.

Plaintiffs are given thirty days to file a motion to amend their complaint and shall attach to it a proposed amended Complaint. Because Plaintiffs have notified the Court that Defendants have again modified their protocol, Plaintiffs should address any issues raised by this latest protocol as well.

The trial date of October 7, 2013, is stricken.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  September 25, 2013
Jefferson City, Missouri