IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID ZINK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2:12-CV-4209 |
| | ) | |
| v. | ) | This is a capital case |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | Execution of Plaintiff Joseph Franklin |
| Defendants. | ) | scheduled for November 20, 2013 |

### PLAINTIFF JOSEPH FRANKLIN'S RENEWED

### MOTION FOR STAY OF EXECUTION

Plaintiff Joseph Franklin seeks a stay of execution concerning the grounds he asserted in the motion of November 18, 2013, and which the District Court declined to address on the merits. Mr. Franklin states as follows in support of this motion:

1. On November 18, 2013, Mr. Franklin moved for a stay of execution. In support of that motion, Mr. Franklin briefed the merits of four separate claims for relief, specifically: (i) ex post facto principles under federal and state constitutional law, (ii) cruel and unusual punishment, (iii) Missouri regulations governing compounding pharmacies, made cognizable through the Missouri Administrative Procedure Act, and (iv) Missouri's "manner of execution statute," also cognizable through the MAPA. *See* ECF Doc. 157.

2. On November 19, 2013, the Court issued an order granting a stay of execution. In the course of its order, the Court concluded that Mr. Franklin had developed a viable Eighth Amendment claim. It declined to consider the rest of his claims. ECF

Doc. 163, at 12 ("Because the Court finds that the stay of execution must be granted on the grounds that Plaintiffs have shown a substantial likelihood of success on the merits of their Eighth Amendment claim, the Court declines to discuss Plaintiff's other arguments on the merits at this time.").

3. Later on the same date, the Eighth Circuit issued an order vacating the Court's stay of execution. The Eighth Circuit's order ruled that Mr. Franklin had not presented enough evidence "to show a likelihood of success on the merits to support a stay of execution." The order then cited the cases of *Brewer v. Landrigan*, 131 S. Ct. 445 (2010), *Baze v. Rees*, 553 U.S. 35 (2008), and *Whitaker v. Livingston*, 732 F.3d 465 (5th Cir. 2013). All three of those authorities were cited by the parties and this Court as relating to Mr. Franklin's Eighth Amendment claim. Because this Court did not address Mr. Franklin's other claims, the Eighth Circuit's order does not address or otherwise adjudicate them either.

4. Mr. Franklin's remaining claims are meritorious enough to justify a stay of execution, for the reasons explained in Mr. Franklin's earlier motion for stay. In particular, Mr. Franklin has adequately demonstrated a "significant risk" that the new protocol retroactively increases his punishment ***whether or not it violates the Eighth Amdendment***. *See* ECF Doc. 157, at 15-16. Likewise, Mr. Franklin demonstrated that the new protocol violates Missouri regulations concerning compounded drugs, and in particular, the prohibition against manufacturing compounded drugs that are a "copy" of FDA-approved drugs. 20 C.S.R. § 2220-2.400(9), and that this violation places the prisoners at risk. ECF Doc. 157, at 23-26; Ex. 3 (Sasich Aff.) ¶ 15. Mr. Franklin also

2

showed that the Department violates the manner-of-execution statute by designating its compounding pharmacy as a member of the "execution team," thereby making it even more difficult for Plaintiffs, their experts, and the Court to determine the provenance and reliability of the Defendants' pentobarbital.

5. Mr. Franklin specifically incorporates by reference, as if set forth fully herein, the entirety of his earlier motion for stay of execution, specifically ECF Doc. 157, and he reasserts his entitlement to a stay on the grounds as to which this Court elected not to address in its order of November 19.

WHEREFORE, for the foregoing reasons, Mr. Franklin respectfully requests that the Court stay his execution on account of his claims that the Department of Corrections' execution protocol (1) violates federal and state *ex post facto* protections, (2) violates Missouri regulations governing compounding pharmacies, as made cognizable through the Missouri Administrative Procedure Act, and (3) violates the method-of-execution statute (Mo. Rev. Stat. § 546.720).

Respectfully submitted,

/s/     Jennifer Herndon
Jennifer Herndon, No. 37921
224 Hwy. 67 North, #122
Florissant, MO 63031
314-831-5531
314-831-5645 FAX
jenniferherndon@me.com

/s/ Joseph W. Luby
Joseph W. Luby, No. 48951
Death Penalty Litigation Clinic
6155 Oak Street, Suite C
Kansas City, MO 64113
816-363-2795
816-363-27959 FAX
jluby@dplclinic.com

*Attorneys for Plaintiff Joseph Franklin*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was forwarded for transmission via Electronic Case Filing (ECF) this 20th day of November, 2013, to Michael J. Spillane, Stephen D. Hawke, and Susan D. Boresi, Office of the Attorney General, P.O. Box 899, Jefferson City, Missouri 65101.

      /s/   Joseph W. Luby
Joseph W. Luby

*Attorney for Plaintiff Joseph Franklin*