UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

*Zink v. Lombardi*
No. 2:12-CV-4209-NKL
U.S. Dist. Ct., W.D. Mo.
First Amended Complaint
Exhibit 16

| | |
|---|---|
| JOSEPH FRANKLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:00-CV-1465 (CEJ) |
| ) | |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

Petitioner Joseph Franklin is scheduled for execution by lethal injection on November 20, 2013, at 12:01 a.m. Today, he has filed a supplemental petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising a claim that he incompetent to be executed under Ford v. Wainwright, 477 U.S. 399 (1986). He has also filed a motion for stay of execution. The State of Missouri has filed a response in opposition to the petition and motion for stay.

I.  **Background**

Petitioner was convicted and sentenced to execution by lethal injection in 1997. The Missouri Supreme Court determined that petitioner had waived his right to appeal and affirmed his sentence on mandatory proportionality review. State v. Franklin, 969 S.W.2d 743, 746 (Mo. 1998) (*en banc*). The trial court denied petitioner's motion for post-conviction relief, and the Missouri Supreme Court affirmed the denial. Franklin v. State, 24 S.W.3d 686 (Mo. 2000) (*en banc*). Petitioner then sought habeas corpus relief pursuant to 28 U.S.C. § 2254. This court found that the Missouri Supreme Court's acceptance of his appeal waiver was improper and that his claims were thus not procedurally defaulted. The court also determined that petitioner was entitled to relief on two grounds: (1) his waiver of counsel was not knowing, voluntary, and intelligent, and (2) the trial court erred in failing to give a mandatory penalty phase jury instruction. The Eighth Circuit reversed, holding that petitioner voluntarily waived his

appeal rights. Thus, his federal habeas claims were procedurally defaulted and this court was without jurisdiction to grant relief. The Eighth Circuit remanded with directions to dismiss the habeas application in its entirety. Franklin v. Luebbers, 494 F.3d 744 (8th Cir. 2007).

On August 14, 2013, the Missouri Supreme Court ordered that petitioner be executed on November 20, 2013. On November 18, 2013, petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court, asserting a claim based on Ford that he is incompetent to be executed under and seeking a stay of execution. This morning, the Missouri Supreme Court summarily denied all relief.

II.     Discussion

"[T]he Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane." Ford, 477 U.S. at 409-10. Prior findings of competence do not foreclose a prisoner from proving he is incompetent to be executed because of his present mental condition. Panetti v. Quarterman, 551 U.S. 930, 934 (2007). A prisoner who makes the "requisite preliminary showing that his current mental state would bar his execution" is entitled to an adjudication to determine his condition. Id. at 934-35. Ford-based incompetency claims are not ripe before execution is imminent. See Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (Ford claim premature if execution is not imminent). Given that the Ford claim just became ripe, the court disagrees with respondent that the supplemental petition is barred by the one-year statute of limitations of 28 U.S.C. § 2244(d). In addition, the statutory bar on second or successive petitions, 28 U.S.C. § 2244, does not apply to a Ford claim brought in an application filed when the claim is first ripe. Panetti 551 U.S. at 947.

Competence to be executed requires something more than a prisoner's awareness that he is going to be executed and why he is going to be executed. See id., 551 U.S. at 956-57 (rejecting Fifth Circuit Court of Appeals' standard as too restrictive).

"A prisoner's awareness of the State's rationale for an execution is not the same as a rational understanding of it. Ford does not foreclose inquiry into the latter." Id. at 961. "Gross delusions stemming from a severe mental disorder may put an awareness of a link between a crime and its punishment in a context so far removed from reality that the punishment can serve no proper purpose." Id. at 961.

In 1996, defense expert Dorothy Otnow Lewis, M.D., diagnosed petitioner as schizophrenic, paranoid type. Pet. Ex. 6 at 7 [Doc. #142-6]. A review of the record demonstrates long-standing concerns with petitioner's delusional beliefs and their effect on his capacity to understand and participate in the legal proceedings against him. Dr. Lewis notes that petitioner has delusional beliefs, including a belief that "like Jesus, he is destined to be executed by the State." Pet. Ex. 6 at 3. Petitioner has routinely stated that he makes decisions based on idiosyncratic associations of meaning to particular letters or numbers or messages he receives in dreams. See, e.g., Pet. Ex. 3 at 30 (on Feb. 6, 2012, petitioner refused psychological testing on the sixth day of the month because "6 is an evil and unlucky number"); Memorandum and Order at 20 n.8 (petitioner refused to sign appeal authorization based on a dream) [Doc. #92]. In October 2008, petitioner told a prison psychiatrist that he had had a dream in which God told him not to talk to Dr. Lewis. Pet. Ex. 9 [Doc. #142-9 at 3]. More recently, petitioner delayed signing a release for his legal team to obtain records "due to a sign from God hidden" in the law firm's name. Jessica Sutton Decl. at ¶47, Pet. Ex. 4 [Doc. #142-4].

Respondent criticizes the fact that Dr. Lewis has not re-interviewed petitioner and that her current assertion that he is incompetent to be executed is based on her review of the records and information provided to her by mitigation specialist Jessica Sutton. However, there is no indication that Ms. Sutton exaggerated the account of her recent meetings with petitioner or that she provided inaccurate information to Dr. Lewis.

Further, while Dr. Lewis was initially impeded in her efforts to obtain medical and mental health records needed to complete a current evaluation, petitioner has now agreed to authorize the release of the information. A stay of execution will allow for an examination that is essential to petitioner's claim.

Petitioner's claim for relief under Ford is not untimely under 28 U.S.C. § 2244(d) or barred as second or successive. He has exhausted his claim by presenting it to the Missouri Supreme Court. Thus, the petition is properly before this Court and must be reviewed on the merits. The Court concludes that a stay of execution is required to permit a meaningful review.[1]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for stay of execution [Doc. #142] is **granted**.

Dated this 19th day of November, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] At 4:40 p.m. today, United States District Judge Nanette K. Laughrey entered a stay of execution in Zink v. Lombardi, No. 2:12CV4209 (NKL), in which Missouri prisoners under sentence of death brought a challenge to the State's proposed method of execution. The Court concludes that this relief does not moot the necessity to address petitioner's motion in this case.