IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| In re<br>GEORGE LOMBARDI, et al., | ) ) ) ) ) ) ) ) ) ) | No. 13-3699<br><br>District Court No.<br>No. 2:12-CV-4209 NKL |

**MOTION TO STAY ORDER**

Defendants have filed in the Court of Appeals a petition for writ of mandamus or prohibition of orders in District Court Doc. 203, 204 and 205 because those orders are an abuse of discretion. Late on the afternoon of December 16, 2013, the District Court denied defendants' request for stay of those orders. Defendants now request the Court stay those orders while it considers the extraordinary writ.

On December 12, 2013, the district court "ordered Defendants to reveal the identities of the compounding pharmacist, the investigative laboratory, and the prescribing physician to Mr. Luby and Ms. Pilot only (Doc. 203). Mr. Luby told the court he might feel the need to follow up on that information and investigate it further and it might be very difficult to do that discreetly (Transcript 14). The court noted there was just no way given the circumstances to keep the information confidential and the court would ask counsel to keep it confidential "other than as needed to do the investigation" (Transcript 16). "The court further ordered Defendants to work with Plaintiffs to maintain confidentiality when the investigation involves State organizations." (Doc. 203). The court also issued further orders (Doc. 204,

205). Because of the policy significance of the legal issue involved, the safety and security of facilities within the Missouri Department of Corrections and individuals who directly support lethal injection of offenders, the Department filed a petition for writ of mandamus or prohibition with this Court and is praying for the Court's order directing the district court to modify or quash its December 12, 2013 orders.  The Court should stay the December 12 orders until the Court rules on the petition.

The district court assumed the information to be disclosed is relevant to Plaintiffs' contention that their Eighth Amendment rights will be violated by the Department's use of pentobarbital as the chemical for the lethal injection.  Plaintiffs contend that the use of a compounding pharmacy to prepare the chemical, without more, creates an unconstitutional risk of pain.  Plaintiffs contend that this risk of pain violates their rights under the Eighth Amendment and the Ex Post Facto Clause.

The Director of the Department of Corrections maintains secrets about matters that must remain secret.  For example, much of the "Execution Protocol" is secret as are the floor plans to local jails and prisons.  The Director of the Department of Corrections asserted the federal common law privilege of state secret. Federal Rule of Evidence 501. As commanded by the Director of the Missouri Department of Corrections, the identities of the compounding pharmacist, the laboratory and the prescribing physician are secret in order to obtain and test the chemicals necessary for the Department to carry out its legal obligations and to avoid exposing persons that assist the State to harassment, intimidation and harm (Doc. 189 at 2-3).

In sum, the information the district court ordered disclosed must remain a secret. To preserve this right, defendants have sought the protection of the United State Court of Appeals by filing a petition for writ of mandamus or prohibition. To preserve the *status quo* and extraordinary interests of the defendants below, the Court should stay the district court's December 12, 2013 orders.

Unarticulated by plaintiffs is relevance. The name or the identifying information of whether the pharmacist is part of a national chain, a local pharmacy, or something in between, does not matter when the Court knows the end-product was potent, pure, sterile and worked effectively. The name of the prescribing physician does not render the end-product any worse or any better. Names and/or identifying information of the people do not make a difference to this litigation. Similarly, the name of the laboratory is both a link to discover the pharmacist, and releasing the name interferes with the Department of Corrections ability to test the chemicals for purity, potency and sterility.

The Department's high interests would be protected by a stay of the district court's order. The Department believes that the public's interests are also protected by a stay. The public has an interest in seeing the lawful verdicts of juries be carried out. Plaintiffs suffer no prejudice from a stay.

The Court should stay the district court's December 12, 2013 orders (Docs. 203, 204, 205) pending review by the federal court of appeals.

Respectfully submitted,

CHRIS KOSTER
Attorney General


\s\ Stephen D. Hawke
STEPHEN D. HAWKE
Assistant Attorney General
Missouri Bar No. 35242

P. O. Box 899
Jefferson City, MO 65102
(573) 751-3321
(573) 751-3825 fax
stephen.hawke@ago.mo.gov
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system, this 13th day of December, 2013, to:

Counsels for Plaintiffs


\s\ Stephen D. Hawke
Stephen D. Hawke
Assistant Attorney General