IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID ZINK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 12-04209-CV-C-BP |
| ) | |
| GEORGE A. LOMBARDI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on Plaintiff Michael Taylor's Motion for Stay of Execution Based on Equal Protection and Due Process Clauses. (Doc. 363.) Taylor is one of 18 death row inmates in this case challenging the constitutionality of the execution protocol issued by the Missouri Department of Corrections. On January 24, 2014, the Missouri Supreme Court ordered that Taylor be executed on February 26, 2014. For the reasons below, the Motion is **DENIED.**

I. Discussion

"[B]efore granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004); *Nooner v. Norris*, 491 F.3d 804, 808 (8th Cir. 2007). An inmate challenging the manner in which the State plans to execute him must show a "significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Nooner*, 491 F.3d at 808.

A. Unnecessary Delay

The Court first concludes that Taylor unnecessarily delayed in bringing his claim. Taylor argues he has presented his equal protection claim as promptly as possible, contending that: (1) his equal protection claim did not fully ripen until the Plaintiffs Franklin, Nicklasson, and Smulls were executed; (2) his execution date was only set on January 24; and (3) since January 24, his counsel have been hurriedly litigating this case and related cases before several courts. The Court is not persuaded by these arguments. First, Franklin and Nicklasson were executed well before Taylor's execution date was set in November and December 2013. Additionally, Smulls was executed on January 29, 2014, only a few days after Taylor's execution date was set. Second, Taylor and the remaining Plaintiffs in this case have numerous counsel handling this litigation and related cases in other courts, who offered two other motions for stay of execution several days before the instant Motion. The evidence shows that Taylor could have brought his Equal Protection and Due Process claim earlier than five days before his scheduled execution. Thus, Taylor was unnecessarily delayed in bringing this claim and the Court can deny his Motion on that ground alone. Nonetheless, the Court will proceed to review Taylor's likelihood of success on the merits of these claims.

**B. Likelihood of Success on the Merits**

Even if Taylor did not unnecessarily delay in bringing his claim, he cannot show a likelihood of success on the merits of the claim. Taylor argues that Missouri executed Plaintiffs Franklin, Nicklasson, and Smulls while viable stay proceedings were pending in the federal courts, in violation of Defendants' written procedures. Taylor specifically relies on the procedure which states the director of the Department of Corrections, or his designee, advises the warden that the inmate "may be escorted to the execution room if no stay is in place and no legal activity is in process to prevent the execution." (Doc. 364-7.) Taylor contends that by failing to

follow the written procedure, Defendants are not complying with "core" aspects of the procedure in violation of the Fourteenth Amendment's guarantee of equal protection and his right to due process.

First, Taylor has not established that the alleged violation of the written procedure is a core aspect of the procedure. The cases on which Taylor relies involve alleged violations of an execution procedure regarding provisions involving: (1) preparation of the execution drugs; (2) preparation of the inmate for administration of the drugs; (3) the manner of administration of the drugs; and (4) who participates in the execution. *Cooey v. Kasich*, 801 F. Supp. 2d 623 (S.D. Ohio 2011); *see also In re Ohio Litigation*, 840 F. Supp. 2d 1044 (S.D. Ohio 2012) (holding defendants did not substantially comply with the execution procedure for violations similar to those alleged in *Cooey*). Those provisions were clearly core to the written procedure, as they pertained to properly administering and carrying out the executions of inmates. Taylor has not presented any authority to suggest that the procedure in question is a core aspect of an execution procedure.

Second, Taylor has not shown a violation of a fundamental right. Although Taylor's motion fails to state what fundamental right is violated, Plaintiffs' Second Amended Complaint (Doc. 338) alleges Defendants' failure to follow the written procedure violates Plaintiffs' fundamental rights under the Eighth Amendment to be free of cruel and unusual punishment. (Doc. 338, p. 150.) The Court questions whether a violation of the procedure in question is a violation of the Eighth Amendment. Moreover, as this Court and the Eighth Circuit have repeatedly held, Plaintiffs have not presented sufficient evidence to establish Defendants' execution protocol violated the Eighth Amendment for Plaintiffs Franklin, Nicklasson, or Smulls. (*See* Docs. 184, 196, 301, 319.) Taylor has presented no new evidence to the Court that

3

Case 2:12-cv-04209-BP    Document 370    Filed 02/24/14    Page 3 of 4

warrants a different ruling than in the Franklin's, Nicklasson's, or Smulls' cases. Therefore, Taylor cannot show a fundamental right has been violated that would give rise to an Equal Protection and Due Process claim.

Third, Defendants argue the written procedure calls for the Director or his designee, as opposed to some other official, to determine whether an inmate may be moved to the execution room despite a pending stay motion. Essentially, they contend the Director ultimately decides, after obtaining the advice of the Attorney General, whether to proceed with the execution when there is pending litigation that has not resulted in a stay. In light of this argument, it is unclear whether Defendants actions in past executions amount to a violation of the written procedure. Thus, it is unclear whether a violation of Plaintiffs' Equal Protection and Due Process rights has occurred.

Therefore, Taylor has not shown a likelihood of success on the merits for his claims.

## C. Conclusion

Accordingly, Taylor's Motion for Stay of Execution, (Doc. 363), is **DENIED**. Plaintiffs' Motions for Leave to File Exhibits, (Docs. 364, 365, 366), are **GRANTED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: February 24, 2014